## WILSON v. UNITED AMERICAN LINES, Inc., et al.

District Court, S. D. New York. June 22, 1927.

Courts ⬡313—In action for death of seaman, court had no jurisdiction to determine controversy between defendant shipowner and engineering corporation, served with cross-complaint (Jones Act [46 USCA § 688]; Civil Practice Act N. Y. § 193, subd. 2).

Where administrator of deceased seaman brought action against shipowner under Jones Act (Comp. St. § 8337a, as amended June 5, 1920 (46 USCA § 688), and where shipowner under Civil Practice Act N. Y. § 193, subd. 2, filed summons and cross-complaint against an engineering corporation, *held*, shipowner and engineering corporation being residents of the same state, and the controversy between them being dependent on facts not involved in original action, federal court had no jurisdiction, and summons and cross-complaint should be set aside.

At Law. Action by William Wilson, as administrator of John Leitch, deceased, against the United American Lines, Inc., wherein *defendant* served summons and cross-complaint on Row & Davis Engineers, Inc., doing business as the Davis Engineering Corporation. On motion to set aside summons and cross-complaint. Motion granted.

Kirlin, Woolsey, Campbell, Hickox & Keating, Vernon S. Jones, and Raymond Parmer, all of New York City, for defendant Davis Engineering Corporation.

Burlingham, Veeder, Masten & Fearey and Roy H. Caldwell, all of New York City, for defendant United American Lines, Inc.

GODDARD, District Judge. This is a motion to set aside the summons and cross-complaint served upon Row & Davis Engineers, Inc., doing business as Davis Engineering Corporation, hereafter referred to as Davis Engineering Corporation. The original action was instituted on April 17, 1924, by the service of a summons and complaint by the plaintiff on the defendant United American Lines, Inc.

On February 19, 1927, a motion was granted upon default, allowing a supplemental summons and cross-complaint to be served by the defendant United American Lines, Inc., upon the Davis Engineering Corporation, pursuant to the provisions of section 193, subd. 2, of the Civil Practice Act of the state of New York; no notice having been given to the said Davis Engineering Corporation and no one appearing in opposition. On March 16, 1927, a summons with cross-complaint, was served by the defendant United American Lines, Inc., on the Davis Engineering Corporation.

The Davis Engineering Corporation now appears specially for the purpose of setting aside the service of the summons and cross-complaint upon several grounds, one of them being that this court is without jurisdiction. It appears from the pleadings and affidavits filed herein that the plaintiff, Wilson, is a citizen of the state of New York; that the United American Lines, Inc., and the Davis Engineering Corporation are both Delaware corporations.

The action was instituted by the plaintiff, Wilson, as administrator of the goods, chattels, and credits of John Leitch, deceased, against the United American Lines, Inc., to recover damages against the latter by reason of the death of Leitch, alleged to have occurred on July 13, 1923, while the deceased was employed as a member of the crew on board the steamship Reliance, owned or controlled by the defendant United American Lines, and is brought under section 8337a, United States Compiled Statutes (46 USCA § 688), enacted by the Congress of the United States March 4, 1915, and as amended June 5, 1920, commonly known as the Jones Act.

In this action the plaintiff, Wilson, cannot recover from the Davis Engineering Corporation, the defendant impleaded, as the suit is brought under the Jones Act, and the relationship of employer and seaman does not exist between the plaintiff and defendant impleaded, and no cause of action against the Davis Engineering Corporation is set forth in the complaint in the original action. The sole purpose, therefore, of the defendant United American Lines, Inc., in bringing in the Davis Engineering Corporation, is that it may recover against the Davis Engineering Corporation in the event that the plaintiff, Wilson, succeeds against it, the United American Lines, Inc. This is a separate controversy between the United American Lines, Inc., and the Davis Engineering Corporation, and the facts and law applicable to that controversy are not the same as those applying to the controversy between the plaintiff, Wilson, and the United American Lines, Inc., under section 193, subd. 2, of the Civil Practice Act, the defendant is permitted to frame a supplemental pleading in the nature of a complaint against the party which it seeks to bring in, which, if sustained, entitles the defendant to appropriate relief against the defendant impleaded. In the event that the plaintiff, Wilson, succeeds against the defendant United American Lines, Inc., there would be a judgment by the plaintiff against the defendant, and if the United American Lines, Inc., were successful in its controversy with the Davis Engineering Corporation, there would be a judgment in its favor against the Davis Engineering Corporation. Otis Elevator Co. v. Miller, 127 Misc. Rep. 421, 216 N. Y. S. 320; Bozzuffi v. Darrieusecq, 125 Misc. Rep. 178, 210 N. Y. S. 455. This bringing in by the defendant of another party by the original defendant is in the nature of a new and separate action, for the pleadings are not necessarily the same as in the original action and the judgment is separate; the judgments differ, both as to parties and possibly as to the amount.

In this separate controversy between the United American Lines, Inc., and Davis Engineering Corporation, there is no diversity of citizenship, as they are both Delaware corporations, and while plaintiff, Wilson, is suing the United American Lines under the United States statute, the Jones Act, that act does not apply as between the plaintiff, Wilson, and the Davis Engineering Corporation, for the reasons stated above, nor is that statute, or any other United States statute, the ground upon which the United American Lines, Inc., seeks to recover against the Davis Engineering Corporation, and there is no ground here upon which this court would acquire jurisdiction of the controversy between the United American Lines, Inc., and the Davis Engineering Corporation. Section 193, subd. 2, of the Civil Practice Act of New York, permits a defendant to implead another defendant under certain circumstances; but it cannot bestow jurisdiction upon this court where the court lacks fundamental jurisdiction. The state act cannot do indirectly what it is powerless to do directly.

Accordingly the motion to set aside the service of the summons and cross-complaint is granted. Settle order on notice.