## LOWRY & CO., Inc., v. NATIONAL CITY BANK OF NEW YORK.

District Court, S. D. New York. September 26, 1928.

896

Root, Clark, Buckner, Howland & Ballantine and Rushmore, Bisbee & Stern, of New York City (Vincent R. Smalley, of New York City, of counsel), for plaintiff.

Shearman & Sterling, of New York City (Carl A. Mead and William Deering Howe, both of New York City, of counsel), for defendant.

THACHER, District Judge (after stating the facts as above). ▮ Conformity to the practice in the state courts prescribed by section 914, R. S. (28 USCA § 724), is necessarily subject to limitations imposed by the Constitution and laws of the United States upon the jurisdiction of the District Courts, and by statutes regulating procedure in these courts. The provisions of the Civil Practice Act of the state here in question embody a most desirable reform in judicial procedure. The procedure authorized assures the settlement in one suit of separate controversies relating to the same subject-matter, ancillary to and dependent upon the outcome of the original cause of action. Thus, in a single proceeding, opportunity is afforded for the final determination of the rights and liabilities of all concerned which grow out of the same matter. The procedure may be compared to the practice in admiralty which has been developed under the fifty-sixth rule of the Supreme Court, which is founded upon the inherent power to bring into the suit other parties whose presence will enable the court to do substantial justice in regard to the entire matter. The Hudson (D. C.) 15 F. 162. Subject to the limitation upon the power of this court to hear and determine only such cases and controversies as are within the statutory definition of its jurisdiction, this remedial statute should receive liberal application and interpretation.

▮ In Wilson v. United American Lines (D. C.) 21 F.(2d) 872, a motion to bring in a defendant under this section of the Civil Practice Act was denied, because there was no diversity of citizenship between the original defendant and the party sought to be brought in. In that case it was said: "This bringing in by the defendant of another party by the original defendant is in the nature of a new and separate action, for the pleadings are not necessarily the same as in the original action and the judgment is separate; the judgments differ, both as to parties and possibly as to the amount."

Consequently it was held that the court had no jurisdiction of this separate controversy, because diversity of citizenship did not exist between the original defendant and the party brought in for the purpose of recovery over. But in the case at bar diversity of citizenship does exist between the parties to the separate controversy. The new parties are not necessary or indispensable parties to the case made by the original complaint. They are strangers to the plaintiff, and, while their interests may be adverse to the plaintiff, their presence cannot defeat the jurisdiction of this court. It is, of course, well settled that the District Courts of the United States have original jurisdiction, if all the parties on one side are

of citizenship adverse to those on the other, and jurisdiction cannot be defeated by joining formal or unnecessary parties. Salem Co. v. Manufacturers Co., 264 U. S. 182, 189, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867; Phelps v. Oaks, 117 U. S. 236, 6 S. Ct. 714, 29 L. Ed. 888; Hardenbergh v. Ray, 151 U. S. 112, 14 S. Ct. 305, 38 L. Ed. 93; Porto Rico v. Ramos, 232 U. S. 627, 34 S. Ct. 461, 58 L. Ed. 763; Von Herberg v. City of Seattle (C. C. A.) 27 F.(2d) 457, 459.

Since the only controversy to which the Molasses Corporation will be a party, if brought in, is between citizens of different states, the motion should be, and is, granted.