### SPERRY v. KEELER TRANSPORTATION LINE, Inc.

District Court, S. D. New York.   October 27, 1928.

E. C. Sherwood and William C. Olsen, both of New York City, for defendant.

Macklin, Brown, Lenahan & Speer. and Edmund F. Lamb, all of New York City, for Whitney & Kemmerer, Inc.

GODDARD, District Judge.   Motion of the defendant, Keeler Transportation Line, Inc., to bring in Whitney & Kemmerer, Inc., as a defendant in this action, and allow a supplemental summons and pleading, alleging the claim of the defendant Keeler Transportation, Inc., against the proposed defendant, be served upon it, in order that the claim of the Keeler Transportation Line, Inc., against Whitney & Kemmerer, Inc., may also be determined in this action.

The motion is made under section 193, subd. 2, of the Civil Practice Act of the state of New York, which reads as follows:

"Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court, on application of such party, may order such person to be brought in as a party to the action and direct that a supplemental summons and a pleading alleging the claim of such party against such person be served upon such person and that such person plead thereto, so that the claim of such moving party against such person may be determined in such action, which shall thereupon proceed against such person as a defendant therein to such judgment as may be proper."

The action is brought by the administratrix to recover damages for the death of her husband, who was in the employ of the defendant, and was drowned from the barge Alice Tague, of which he was master, and which was under charter to Whitney & Kemmerer, Inc.

From the affidavits submitted with the motion papers, it is apparent that the facts which the plaintiff alleges in her complaint are not the same as those which the Keeler Transportation Line, Inc., bases its claim against Whitney & Kemmerer, Inc., upon; that Keeler Transportation Line, Inc., seeks to recover indemnity from Whitney & Kemmerer, Inc., upon its contract with Whitney & Kemmerer, Inc., a matter in which the plaintiff is not interested; in other words a separate controversy between Keeler Transportation Line, Inc., and Whitney & Kemmerer, Inc., and the question is whether this court has jurisdiction over this controversy between Keeler Transportation Line, Inc., and Whitney & Kemmerer, Inc., both of which are New York corporations. Clearly this court has no jurisdiction, as there is no diversity of citizenship, and no federal statute or a constitutional question is involved.

In Wilson v. United American Lines (D. C.) 21 F.(2d) 872, also involving a separate controversy, the court denied the motion to bring in a defendant because of lack of diversity of citizenship, where both the original defendant and the defendant proposed were Delaware corporations. In Lowry & Co. v. National City Bank of New York (D. C.) 28 F.(2d) 895, opinion of Judge Thacher, September 26, 1928, where there was a separate controversy between the original and

proposed defendants, a motion to bring in a new party defendant was granted, for in that case the plaintiff was a Delaware corporation; the original defendant, National City Bank of New York, a New York corporation, and the defendant, which it was proposed to bring in, was a Delaware corporation. Consequently the court did have jurisdiction of the controversy between the defendants, as there was diversity of citizenship.

Accordingly the motion is denied.