## VAN COTT v. MARION DE VRIES, Inc.

Circuit Court of Appeals, Second Circuit.
January 6, 1930.

No. 98.

Worcester, Williams & Saxe, of New York City (William L. Wemple, of New York City, of counsel), for defendant-appellant.

Morris Wegman, of New York City (Joseph Burger, of New York City, on the brief), for plaintiff-appellee.

Before MANTON, SWAN· and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). Section 193, subd. 2, of the New York Civil Practice Act, which was invoked here, reads as follows:

"Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court, on application of such party, may order such person to be brought in as a party to the action and direct that a supplemental summons and a pleading alleging the claim of such party against such person be served upon such person and that such person plead thereto, so that the claim of such moving party against such person may be determined in such action, which shall thereupon proceed against such person as a defendant therein to such judgment as may be proper."

It is to be noticed that the foregoing provision uses the words "*may* order." The word "*may*" was inserted by the amendment of 1923 (Laws 1923, c. 250) in the place of "*must,*" which was the term used in the statute as originally framed (Laws 1922, c. 624). The change must have been made in order to leave to the discretion of the court whether to· bring in a third party or not. And so

Justice Cropsey seems to have held in May Co. v. Mott Avenue Corporation, 121 Misc. Rep. 398, 201 N. Y. S. 189.

But the bringing in of Katz would involve more serious difficulties than mere interference with the discretion of the trial court. Section 193 (2) only permits a third party to be brought in when he "is or will be liable" to the party seeking to interplead him. Katz was not liable for commissions to the plaintiff, who had never employed him, and the failure of Katz to complete the contract of sale would in no way affect plaintiff's right to commissions. The defendant was bound to pay them, irrespective of whether the purchaser took title or not, if the plaintiff procured a purchaser able and willing to buy on defendant's terms. If such a purchaser ultimately refused to close title, the defendant's liability to pay plaintiff's commissions would form no part of defendant's claim for damages against Katz. Hubbard v. Epworth, 69 Mich. 92, 36 N. W. 801; Sutherland on Damages (4th Ed.) p. 1946. The defendant would be liable to the broker, who had procured the purchaser in any event, and the only damages which he could recover against Katz, as purchaser, would be the difference between the purchase price and the value of the land sold. Telfener v. Russ, 145 U. S. 522, 12 S. Ct. 930, 36 L. Ed. 800; Griswold v. Sabin, 51 N. H. 167, 12 Am. Rep. 76; Muenchow v. Roberts, 77 Wis. 520, 46 N. W. 802. If, instead of bringing an action against Katz for damages, the defendant should obtain a decree for specific performance of his contract, he would in that event also be bound to pay the commissions of his broker. It is thus evident that Katz was not a person in any sense liable, directly or indirectly, for the plaintiff's claim, either as indemnitor, contributor, or otherwise. May Co. v. Mott Avenue Corporation, 121 Misc. Rep. 398, 201 N. Y. S. 189; Kromback v. Killian, 215 App. Div. 19, 213 N. Y. S. 138.

Lowry & Co., Inc., v. National City Bank (D. C.) 28 F.(2d) 895, is not in point, because the parties there brought in were in the position of indemnitors. The presence of Katz would only confuse the issues, and the express terms of the statute preclude making him a party to this action. He cannot be brought in merely because some of the facts to be decided in plaintiff's action against defendant and the latter's claim against Katz would be the same.

We have discussed the merits in order to afford a guide in case of any similar applications to the District Court. But, irrespective of the merits, the appellant is confronted by the fatal objection that the appeal which it has taken did not lie. Credits Commutation Co. v. United States, 177 U. S. 311, 20 S. Ct. 636, 44 L. Ed. 782; City of New York v. Consolidated Gas Co., 253 U. S. 219, 40 S. Ct. 511, 64 L. Ed. 870. In Oneida Navigation Corp. v. Job & Co., 252 U. S. 521, 40 S. Ct. 357, 358, 64 L. Ed. 697, the Supreme Court held that an order dismissing a petition to bring in an alleged indemnitor under the admiralty rule was not a final order, and dismissed the appeal for want of jurisdiction. Justice Brandeis there said:

"The liability of indemnitors thereby sought to be enforced would in no event arise unless the vessel should be held liable. The petitioner had as claimant denied liability in its answer to the libel, and the issue thus raised had not been tried. While the decree dismissing the petition as to W. & S. Job & Co., Incorporated, was final as to them, there was no decree disposing of the case below. A case may not be brought here in fragments. This court has jurisdiction under section 238 of the Judicial Code [28 USCA § 345, note] as under other sections, only from judgments which are both final and complete. Collins v. Miller, 252 U. S. 364, 40 S. Ct. 347, 64 L. Ed. 616, decided by this court March 29, 1920; Hohorst v. Hamburg-American Packet Co., 148 U. S. 262, 13 S. Ct. 590, 37 L. Ed. 443. The case was not ripe for appeal."

Appeal dismissed.