### FRANKLIN v. MEREDITH CO. et al.
#### No. 292.

Circuit Court of Appeals, Second Circuit.
April 3, 1933.

Taylor, Blanc, Capron & Marsh, of New York City (George S. Mittendorf, Edwin W. Cooney, and Arnold Furst, all of New York City, of counsel), for appellant Meredith Co.

Sayers Brothers, of New York City (H. Schieffelin Sayers and William Henry Smith, both of New York City, of counsel), for appellant Jos. P. Day, Inc.

Harold Swain, of New York City (John B. Doyle, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

It is conceded that appellee was employed to sell appellant Meredith's real property in New Jersey to the Cities Service Company, of which the Crew Levick Company was a subsidiary, and that a sale was made and deed delivered to the latter conveying title on June 6, 1929. Moreover, it is admitted that appellee undertook this agency under a written agreement of October 7, 1926, from Meredith Company, and labored with the latter's approval, until just before the sale was consummated, when he, with the consent of the Meredith Company, took a sea voyage. Meredith Company agreed to pay appellee 5 per cent. commission. The employment agreement provided that "No brokerage commissions nor fees shall be deemed earned or be payable until the deed shall have been actually delivered and the purchase price paid, under the contract, and in the event that title shall not pass for any cause or reason whatsoever no brokerage commissions or fees shall be deemed earned or payable."

The Cities Service Company as well as the Crew Levick Company are referred to as controlled by Henry L. Doherty & Co., and appellee interested representatives of the subsidiaries in the prospective purchase of the property, showing them the property, supplying them with maps, and conveying information concerning prices at which it might be purchased. In 1928, Mr. Meredith, an officer of the Meredith Company, told the appellee that there was some dissension in the family as to the sale of the property and that it was decided to offer it to an exclusive agency for sale. This met with appellee's approval upon condition that he be paid commission if the property was sold to the parties he had interested. Meredith Company agreed.

It was arranged first to place the property in the hands of Harrison S. Colburn & Co., and, on January 9, 1928, appellee wrote the Meredith Company that his prospect for the purchase was Henry L. Doherty & Co., Cities Service Company and its subsidiaries, and asked for protection in the event that any of these became the purchaser. In the proposed agreement with Harrison S. Colburn & Co., appellee was so protected, and it was agreed that an allowance of 5 per cent., out of a total of 7½ per cent. would be paid to him in the event of such a sale. A like provision was placed in the agency agreement which was finally made by the appellant Joseph P. Day, Inc., and Meredith Company under date of June 28, 1928, when it became the sole agent. The Meredith Company notified appellee of this exclusive agency on June 29, 1928, whereupon appellee wrote to the Meredith Company, "I will be pleased to cooperate with Joseph P. Day, Inc., in any negotiation other than the one whose name I have furnished you, which has been the subject of our many interviews for several months, and feel sure you have protected me in this particular transaction." The appellee had no communication with Joseph P. Day, Inc. However, he continued to interest the ultimate purchaser of the property down to and through November, 1928, advising the Meredith Company of his activities.

In the middle of July, 1928, he stated to the Meredith Company that he needed a vacation and requested and received permission to go. He deferred his cruise until December, 1928, and before going was given assurance by the Meredith Company that his interest would be cared for during his absence and negotiations would be continued with the Cities Service parties. Upon his return on May 1, 1929, the appellee heard of the sale of the property, consulted the Meredith Company, and made his demand for commissions.

A corporation, the Holland Company, having some business connection with the Public Service Corporation of New Jersey, obtained an option to purchase this property at $6,000 per acre through Joseph P. Day, Inc., in cooperation with another broker, one Lord. The option which cost the Holland Company $2,000 was taken over by the Crew Levick Company in March or April, 1929, who paid $2,000 therefor. The Meredith Company agreeing, a sale was made

to the Crew Levick Company on April 29, 1929, and title was closed on June 6, 1929. In May, 1929, the Meredith Company knew that appellee made claim to commissions; Joseph P. Day, Inc., did not. The Meredith Company paid the commissions of 7½ per cent. to Joseph P. Day, Inc., with the understanding that the latter would pay Lord 5 per cent. as commission, and this was done. It also appears that there were negotiations between the Public Service Corporation and the Crew Levick Company for the handling of the gasoline purchases of the Public Service Corporation at a proposed terminal to be built on this property by the Crew Levick Company. It may well be that this business circumstance accounts for the option being first obtained by the Holland Company, a benefit to the Public Service Corporation of New Jersey, but it did not change the appellee's agency in the sale of the property between the appellee and the appellant Meredith Company. If the Crew Levick Company determined to purchase the property, it was the promise of the Meredith Company to pay the appellee his commissions.

The record sufficiently establishes that the appellee rendered efficient service in procuring Crew Levick Company to become a purchaser, and this was recognized by the Meredith Company and led to its assurance of protection in the payment of commissions to the appellee. A jury could well find upon the evidence that such was the situation. When, on April 3, 1929, the Crew Levick Company made a written proposal to the Public Service Corporation, the option was not mentioned, but only the purchase of the land authorized by the executive committee of the Cities Service Company, and when the proposal was accepted April 26, 1929, the Crew Levick Company took an assignment of the option for $2,000 instead of signing a contract for the purchase of the property from the Meredith Company. The appellee was the agency which produced the buyer for the Meredith Company. The Public Service Corporation and its agents furnished Crew Levick Company as owner, with the means in the service contract for successful operation. Thus is presented a case where the seller has accepted the buyer brought forward by the broker who was the producing and procuring cause of the sale of the property. This is sufficient to grant him an award for his commissions. Dotson v. Milliken, 209 U. S. 237, 28 S. Ct. 489, 52 L. Ed. 768; McGavock v. Woodlief, 20 How. (61 U. S.) 221, 15 L. Ed. 884; Colvin v. Post Mortg. & Land Co., 225 N. Y. 510, 516, 122 N. E. 454;

Bagley v. Bowe, 105 N. Y. 171, 179, 11 N. E. 386, 59 Am. Rep. 488. The fact that the purchaser was induced to buy because of an advantageous use of the property due to the negotiations with the Public Service Corporation cannot deprive the appellee of his commission. The jury might well have found that the ultimate purchaser would have bought without the prospective contract of the Public Service Corporation.

Moreover, in the agreement with the Joseph P. Day, Inc., granting exclusive agency to that company, and also in the proposed agency to Harrison Colburn & Co., there was an admission and recognition of employment and a promise to pay 5 per cent. commission to the appellee if the sale was made to the Cities Service Company or any of its subsidiaries. This recognized appellee as the procuring cause. Union Pacific R. R. Co. v. Burke, 255 U. S. 317, 321, 41 S. Ct. 283, 65 L. Ed. 656; Rothschild v. Title Guarantee & Trust Co., 204 N. Y. 458, 464, 97 N. E. 879, 41 L. R. A. (N. S.) 740; Mattes v. Frankel, 157 N. Y. 603, 609, 52 N. E. 585, 68 Am. St. Rep. 804. The option given to the Holland Company was not a sale, and the deed was sufficient evidence of the Meredith Company dealing with the appellee's customer. Van Varick v. Suburban Investing Co., 76 Misc. 593, 596, 135 N. Y. S. 299; Condict v. Cowdrey, 139 N. Y. 273, 34 N. E. 781.

The appellant Joseph P. Day, Inc., was brought in pursuant to the New York Civil Practice Act, § 193 (2), which provides that, "Where any party to an action shows that some third person, not then a party to the action, is or will be liable to such party wholly or in part for the claim made against such party in the action, the court, on application of such party, may order such person to be brought in as a party to the action. * * *" This provision has been recognized as applicable in our federal practice. Van Cott v. Marion DeVries, Inc., 37 F. (2d) 48 (C. C. A. 2). Since the citizenship of the Meredith Company is diverse to that of Joseph P. Day, Inc., we need not consider the problem raised in Wilson v. United American Lines (D. C.) 21 F.(2d) 872, and Sperry v. Keeler Transp. Line, Inc. (D. C.) 28 F.(2d) 897. It is said that the appellant Joseph P. Day, Inc., did not assign as error the order bringing it in as a party. While we have refused to review questions not raised by assignments of error, North River Coal Co. v. McWilliams Bros. (C. C. A.) 59 F.(2d) 979, still it is desirable to give section 193(2) a liberal interpretation, Hejza v. N. Y. C. R. R., 230 App. Div. 624, 246 N.

Y. S. 34; Travlos v. Commercial Union of Amer., Inc., 217 App. Div. 352, 217 N. Y. S. 459. Here the party brought in procured the sale of an option to one who assigned it to the person procured by the appellee who finally took title from the vendor and was paid commissions, part of which the party brought in agreed to pay to the appellee, if the property was sold to his customer. Section 193 (2) requires the Meredith Company to show that the party brought in will be liable for the claim now made by the appellee against the Meredith Company. The word "will" cannot be read as the word "may," and suggests that the showing by the Meredith Company of the third party's liability on the claim should be reasonably clear. The mere denial by the third party showing that a defense might exist will not defeat the application under section 193 (2) which is designed to avoid circuity of action. Of course, if it appears that the claim against the third party is entirely different than the claim against the defendant, the provision is inoperative by its terms. Van Cott v. De Vries, supra; May Co. v. Mott Ave. Corp., 121 Misc. 398, 201 N. Y. S. 189. The defendant asking to bring in a third party must set forth facts of the third party's liability or fail. Hotel Antlers, Inc., v. Standard Oil Co. of N. Y., 144 Misc. 781, 259 N. Y. S. 351. In the instant case, it was shown that there may be a third party's liability on the part of Joseph P. Day, Inc. At least, it is sufficient to support the discretion exercised below.

However, as stated, it appears that in May, 1929, the Meredith Company was advised of the claim of the appellee and paid the commission to Joseph P. Day, Inc., in June, 1929, with the understanding that the latter would pay the broker Lord whom it had selected. It was for the jury to say whether this was a representation by the Meredith Company to Joseph P. Day, Inc., that there was no outside broker but Lord. Under the circumstances, the jury might say that the Meredith Company was estopped from presenting its claim after Joseph P. Day, Inc., paid Lord, and that the Meredith Company could not hold Joseph P. Day, Inc., thereafter on its agreement of indemnity to it. The appellant, Joseph P. Day, Inc., was entitled to have this question submitted to the jury. The trial court instructed the jury that, if they found the Meredith Company was liable to the appellee, then they should find Joseph P. Day, Inc., liable to Meredith Company. It was for the jury to say whether, acting reasonably, Joseph P. Day, Inc.,

was right in its understanding that Lord was the only outside broker and that the Meredith Company represented such to Joseph P. Day, Inc., so that it had a defense against the claim.

For this error, the judgment must be reversed as to Joseph P. Day, Inc., but is affirmed as to the Meredith Company.

Reversed in part, and affirmed in part.