**TULLGREN v. JASPER et al.**

No. 6408.

District Court, D. Maryland.

May 1, 1939.

Edgar T. Fell, Stanley E. Hartman, Fell & Hartman, and Harry J. Dingle, all of Baltimore, Md., for plaintiff.

Clarence W. Miles, Seymour O'Brien, and Miles & O'Brien, all of Baltimore, Md., for defendant Jasper.

Walter L. Clark, Roszel C. Thomsen, and Robert E. Coughlan, Jr., all of Baltimore, Md., for defendant Hoffmeister and Maryland Casualty Co., third-party defendant.

Harry O. Levin and C. Morton Goldstein, both of Baltimore, Md., for defendant Association of Independent Taxi Operators, Inc., third-party plaintiff.

CHESNUT, District Judge.

The motion before the court presents a question of third-party practice with respect to making an automobile casualty insurer a third-party defendant. It arises in the following way:

It is alleged in the complaint that the plaintiff was a passenger in a taxicab driven by (a) the defendant, Eli Goldstein, and (b) owned by the defendant, Charles Jasper, and (c) being operated under the control and for the use and benefit of the defendant, The Association of Independent Taxi Operators, Inc., which was in collision with an automobile truck operated by (x) the defendant, Otis D. Wood, and owned by (y) the defendant, Edward A. Hoffmeister of "C"; in consequence of which the plaintiff was injured due to alleged negligence of the defendant drivers of the two vehicles who were

acting at the time as servants and agents of the respective owners.

In the course of the pleadings the defendant, The Association of Independent Taxi Operators, Inc., has filed a third-party complaint against the Maryland Casualty Company in which the latter is described as follows:

"a Maryland Corporation engaged in the business of insuring against the liability imposed by law arising out of the ownership, maintenance and use of motor vehicles and before the happening of the accident, had issued to Edward A. Hoffmeister of "C" its policy of insurance covering the operation of the automobile involved in the accident owned by said Edward A. Hoffmeister of "C", which policy was in effect on September 28, 1937, when the collision occurred and which automobile caused or contributed to the injuries claimed to have been suffered by the plaintiff; that under the terms of said policy, said Edward A. Hoffmeister of "C", may bring an action against the Maryland Casualty Company in the event the said Maryland Casualty Company fails to pay any judgment rendered against him; and in the event of a joint judgment against Edward A. Hoffmeister of "C", Charles Jasper and/or The Association of Independent Taxi Operators, Incorporated, said Edward A. Hoffmeister of "C", and/or the Maryland Casualty Company are liable for the payment of a proportionate amount of any joint judgment recovered."

The Maryland Casualty Company, so impleaded, has moved to dismiss the third-party complaint against it for the reasons (1) that said complaint fails to state a claim upon which relief can be granted; (2) that it is not a proper party and cannot be brought in under Rule 14, 28 U.S. C.A. following section 723c; (3) the court is without jurisdiction in that the defendants, Hoffmeister, Wood and The Association of Independent Taxi Operators, Inc., and the Maryland Casualty Company are all citizens of the State of Maryland and there is therefore no diversity of citizenship between them.

Rule 14 provides in part as follows:

"When Defendant May Bring in Third Party. Before the service of his answer a defendant may move *ex parte* or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action *who is or may be liable to him or to the plaintiff* for all or part of the plaintiff's claim against him. [Italics supplied] * * * The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff. * * *"

It will be noted that the Maryland Casualty Company (the third-party defendant in this instance) has no relationship either ex contractu or ex delicto with the defendant, The Association of Independent Taxi Operators, Inc. The Maryland Casualty Company is alleged to be the insurer not of The Association of Independent Taxi Operators, Inc., but of E. A. Hoffmeister of "C", and the latter has not sought to implead the Maryland Casualty Company as its insurer. A person not made a party to the action by the plaintiff may be impleaded by a defendant only where the former "is or may be" liable to the said defendant or to the plaintiff. It seems reasonably clear that the Maryland Casualty Company, sought to be impleaded by the defendant, The Association of Independent Taxi Operators, Inc., is not liable to the latter; and therefore the Maryland Casualty Company may be properly impleaded only, if at all, on the theory that it "is or may be" liable to the plaintiff.

The possible liability of the Maryland Casualty Company to the plaintiff is alleged in the cross-complaint and is evidently based on the Maryland statutory provision in the Code, Art. 48A, § 54, being an Act of Assembly of 1924, Ch. 204, which enacts—

"that if an execution upon any final judgment against the assured is returned unsatisfied, in whole or in part, in an action brought by the injured or by another person claiming by, through, or under the injured, then an action may be maintained by the injured, or by such other person against the company under the terms of the policy for the amount of any judgment recovered in such action, not exceeding the amount of the policy, and every such policy shall be construed to so provide, anything in such policy to the contrary notwithstanding."

The cross-complaint also alleged that in the event of a joint judgment against the defendant Hoffmeister as owner of the truck, and one or more of the defendants responsible for the operation of the taxicab, then "said Edward A. Hoffmeister of "C",

416

and/or the Maryland Casualty Company are liable for the payment of a proportionate amount of any joint judgment recovered." This allegation is evidently based on the Maryland Act of 1927, Ch. 539, now codified in the 1935 Supp. to the Maryland Code as Article 50, § 12A, providing for contribution between joint feasors where there is a joint judgment against them and payment made by one in excess of his pro rata share.

■ Several objections are made to the inclusion of the Maryland Casualty Company as a third-party defendant in the case. One ground is that, in jury trials, it is prejudicial to the defendant to permit the jury to have information that the defendant is insured. International Co. v. Clark, 147 Md. 34, 42, 127 A. 647; Stewart & Co. v. Newby, 4 Cir., 266 F. 287, 295. While there have been many judicial decisions to this effect, beginning many years ago when automobile insurance was much less customary, it may be doubted whether now, in view of the fact that automobile liability insurance is so general, the rule should be so rigidly applied; at least where the practice, as in the federal courts, permits definite legal instructions to the jury with respect to the legal effect of insurance in these negligence cases.

■ A more persuasive argument for the dismissal of the insurer is that it is not directly but only secondarily liable to the plaintiff, in the event of the non-payment of a judgment against the defendant insured. But even this consideration, I think, is not conclusive on the point because there may be cases in which a liability insurer could properly be brought in as a third-party defendant by the insured. In the ordinary case this is not at all likely to occur because, as is well known, the insurer, where there is no question of its liability under the policy to the insured, defends the suit for the insured by the insurer's counsel; that is to say, the insurer is in control of the litigation and its counsel would ordinarily decline to make the insurer a party. But in case the insurer denies liability and refuses to defend the action in accordance with its policy, I see no logical reason to deny to the insured, who is the defendant in a suit, the right to bring in the insurer as a third-party defendant, where under the terms of its policy it will be liable over to the insured defendant and where the judgment against the defendant will establish the liability of the insurer.[1] Of course in such case the defendant insurer is entitled to a hearing and trial of any defenses that it may set up against its liability and it is probable that the court would order a separate trial of its controversy with its insured under Rule 42(b).[2] The primary object of Rule 14 is to avoid circuity of action and thus to finally dispose in one litigation of an entire subject matter arising from a particular set of facts.

■ Another objection made by the Maryland Casualty Company is of very great general importance. It says that the court has no general federal jurisdiction of the controversy between it and the Association of Independent Taxi Operators, Inc., because both are Maryland corporations, and there is therefore no diversity of citizenship between them. The point is of great importance in the application of Rule 14. We must steadily bear in mind in applying the rules that they relate to procedural matters only and do not affect substantive rights; and Rule 82 expressly provides:

"These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

The objection here is not based on improper venue, but on the alleged absence of diverse citizenship. It is obvious that if the objection is good the scope of application of the rule will be greatly restricted as to third-party practice, where the gen-

[1] The terms and conditions of the particular policy or any relevant statute may importantly affect the question. See Appleman Automobile Liability Ins. pp. 304 et seq. In this case the Maryland statute conditions the liability of the insurer to pay, upon a prior unsatisfied execution on a final judgment against the insured; and counsel for the insurer here states the policy contains the socalled "no action" clause, that is, no suit against the company until after final judgment against or agreement of the insured as to liability.

[2] This question as to whether the insurer could be brought in as a third-party defendant was much discussed in the Cleveland Institute on the Rules. See pages 250 et seq. The only reported case that I have noted where an insurer was brought in as a third-party defendant is the case of King v. Shepherd, D. C.W.D.Ark., 26 F.Supp. 357; but was there dismissed on account of improper venue.

eral jurisdiction of the court is based alone on diverse citizenship. Under this class of federal jurisdiction the more usual type of case is where a non-resident plaintiff sues a resident defendant in the district court. If the defendant has a right of action over against a third-party as indemnitor or joint tort feasor, it is likely that the third-party will be a citizen of the same State as that of the defendant. And in cases where the third-party may be a citizen of another State, it is not often the case that he can effectively be served with process under the federal statutes.

■ The answer to the question seems to depend upon the consideration whether the third-party practice in a particular case is an *ancillary* proceeding incidental to the main suit, or whether it is to be more properly regarded as a separate and independent new suit. If the former view prevails, then the jurisdiction is not wanting because the ancillary jurisdiction of the federal courts is well established as an essential attribute of their jurisdiction. See Compton v. Jesup, 6 Cir., 68 F. 263, by Taft when Circuit Judge; Alexander v. Hillman,' 296 U.S. 222, 239, 56 S.Ct. 204, ·80 L.Ed. 192; Rose, Federal Jurisdiction and Procedure, Ch. 14. It is true that the ancillary jurisdiction of the federal courts in the sense that the term is here used is most frequently based on the possession by the court of a *res,* and the necessity of doing complete justice in its final disposition among all parties interested; or in supplementary proceedings necessary to make effective the orders, judgments and decrees of the court. The type of suit we are here dealing with is, of course, not a suit in rem but in personam; but it is by no means certain that the nature of ancillary jurisdiction must be limited to a case where the court has possession of a *res,* or a supplementary proceeding to enforce a valid judgment. We are here dealing with procedural matters only, and there is very substantial ground for the view that as the general jurisdiction of the court properly attached under constitutional and statutory provisions to the suit between the original plaintiff and the original defendant, it should proceed to do final and complete justice as between all parties affected by or liable on account of the same set of facts.

There are federal decisions rendered prior to the promulgation of the new rules which have some tendency to support the view that jurisdiction does not exist where there is not diversity of citizenship between the original defendant and the third-party defendant. These cases dealt with third-party practice arising under various state statutes applied by the federal courts under the Conformity statute, 28 U.S.C.A. § 724, now superseded by the new rules. It will be found, however, on examination of the cases that most, if not all, of them dealt with situations where the cross-complaint of the original defendant against the third-party defendant injected a new and distinctly different cause of action than that involved in the main suit between the plaintiff and the original defendant. See Galveston, etc., Ry. Co. v. Hall, 5 Cir., 70 F. 2d 608; Osthaus v. Button, 3 Cir., 70 F.2d 392; Franklin v. Meredith Co., 2 Cir., 64 F.2d 109, 111; Wilson v. United American Lines, D.C., 21 F.2d 872; Sperry v. Keeler Transp. Line, D.C., 28 F.2d 897. On the other hand the only decisions so far noted under the new rules have taken the view that in a case such as the present, the third-party practice should be considered ancillary to the main suit and therefore not open to the general jurisdictional objection. Judge McClintic in the Southern District of West Virginia so held in the case of Joe Crum v. Appalachian Elec. Power Co. et al., 27 F.Supp. 138; and a similar decision was made by Judge Schoonmaker, in the Western District of Pennsylvania, March 23, 1939, in the case of Bossard v. McGwinn, 27 F.Supp. 412. In the former case Judge McClintic points out that—

"On examination of official form 22, it seems to me that the Committee (that formulating the rules) and the Supreme Court adopted this view, since the form for a third-party complaint, unlike the forms for original complaints, omits any allegation of jurisdiction."[3]

---

[3] See also Moore's Federal Practice, under the new federal rules, Vol. 1, p. 782; Shulman and Jaegerman, Some Jurisdictional Limitations on Federal Procedure (1936) 45 Yale L.J. 393, 417 et seq.; and the discussion of the subject at the Washington and New York Institute on Rules, pp. 60 and 340, 341. From the latter reference it appears that the chairman of the Supreme Court Advisory Comm. former Attorney General Mitchell, was of the opinion that the jurisdiction would not exist where there was no diversity of citizenship between the original defendant and the impleaded third-party defendant.

It is to be observed that the alleged absence of general jurisdiction in this situation stands on a different basis from that of absence of venue jurisdiction. The former is dependent upon a judicial determination as to whether the third-party practice is ancillary to the main suit; while the latter depends directly upon the federal statutes as to venue, which in most cases provide that no defendant can be sued in a district of which he is not an inhabitant. This is a personal privilege which may be waived, but when insisted upon is good, even though the defendant may happen to be present and served with process in the district where the suit is pending, except of course as provided by statute in the case where the jurisdiction of the court is based only on diverse citizenship. See King v. Shepherd, D.C., 26 F.Supp. 357. It is however, not necessary to decide this important question in this particular case, because I have reached the conclusion on other grounds, that the motion to dismiss the Maryland Casualty Company must be granted.

As already pointed out, the Maryland Casualty Company is here sought to be impleaded not by the plaintiff nor by any defendant which has a direct relationship to it; but by an original defendant with which it has no relationship whatever. I have not noted in any of the discussions under Rule 14 with regard to third-party practice any suggestion even that an insurer of one joint defendant to an original action could be impleaded by another joint defendant who has no interest under the insurance policy. On the contrary the wording of the rule would seem impliedly if not expressly to exclude the procedure here attempted. The rule provides:

"The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff."

This seems to imply some direct relationship either ex delicto or ex contractu between the original defendant and the third-party defendant. But such a relationship does not appear to exist in this case. While it is true the Maryland Casualty Company may hereafter become liable to the plaintiff, it is not apparent that the plaintiff could itself have properly joined the Maryland Casualty Company as an original defendant because its liability, if any, to the plaintiff arises only after judgment obtained by the plaintiff against the defendant which remains unsatisfied. Nor does the point as to possible contribution between the original defendants relied on by the third-party plaintiff in this case justify the impleading of the Maryland Casualty Company as a third-party defendant. It is well known that insurance is a personal contract. If there should be a joint judgment in this case against the Association of Independent Taxi Operators, Inc., and Hoffmeister, there would be the right of contribution existing between them under the Maryland statutes; and if Hoffmeister paid less than his share of the judgment, the Association of Independent Taxi Operators, Inc., on paying more than its share, could have the judgment entered proportionately to its use against Hoffmeister. But the Maryland statutes do not go further than this; and do not give any right to the Association of Independent Taxi Operators, Inc., against the Maryland Casualty Company as Hoffmeister's insurer. The liability of the insurer as extended by the statute is limited to the payment of the amount due under the policy to the party injured by the negligence of the insured or to one claiming under him. And it is not alleged in the pleading that the policy itself extends the liability of the insurer in favor of a party not named by the policy, who may be a joint tort feasor with the insured. And finally it may be observed that leave to bring in a third-party defendant is not mandatory but in the sound discretion of the court. The object of the rule in all cases is to accomplish ultimate justice for all concerned with economy in litigation but without prejudice to the rights of another. In my opinion no useful purpose would be subserved by continuing the Maryland Casualty Company as a party in this case.

For these reasons the motion to dismiss the Maryland Casualty Company as a third-party defendant in this case is hereby granted.