**LEWIS v. UNITED AIR LINES TRANSPORT CORPORATION et al., and three other cases.**

Nos. 44, 64, 72, 106.

District Court, D. Connecticut.

Aug. 18, 1939.

Day, Berry & Reynolds, of Hartford, Conn., and Harold E. Drew, of Derby, Conn., for plaintiffs Adelaide B. Lewis, Jennie Marie Doty, Mary Eliza Hitchcock Veblen, and Anna Brostuen.

Wiggin & Dana, Frederick H. Wiggin, and Frank E. Callahan, all of New Haven, Conn., for United Aircraft Corporation.

Pond, Morgan & Morse, of New Haven, Conn., for United Air Lines Transport Corporation.

Watrous, Hewitt, Gumbart & Corbin and William B. Gumbart, all of New Haven, Conn., for Bethlehem Steel Co.

HINCKS, District Judge.

These cases are now before the court upon a show cause order issued upon the application of the Bethlehem Steel Company, heretofore impleaded as a third-party defendant herein, requiring the parties to show why the service of process upon Bethlehem should not be set aside. On hearing and on brief Bethlehem's only contention has been that as to it the proceedings lack a proper venue under Section 51 of the Judicial Code, 28 U.S.C.A. § 112.

The facts are as follows. These are four civil actions. In one case, the plaintiff Lewis is a citizen of Connecticut; in another, the plaintiff Doty is a citizen of Massachusetts; in another the plaintiff Veblen is a citizen of California; and in another the plaintiff Brostuen is a citizen of North Dakota. In each case the original defendants were United Air Lines Transport Corporation, a citizen of Illinois, and United Aircraft Corporation, a citizen of Delaware. The actions were brought originally to the Superior Court for Hartford County in this State, each complaint alleging that the plaintiff's decedent was killed in the crash in Ohio of an airplane owned and operated by Air Lines and charging Air Lines with negligence (a) in the operation of the plane and (b) in failing properly to inspect a cylinder in the engine of the plane, a defect in which is alleged to have been a contributing cause of the crash, and charging that Aircraft had manufactured and sold said allegedly defective cylinder to Air Lines and was negligent in the manufacture thereof. The actions were removed to this court on the motion of Aircraft.

Thereafter Aircraft, alleging that if said cylinder was defective, the defect was caused by Bethlehem, impleaded Bethlehem, a citizen of Delaware, as a third-party defendant. The third-party complaint charged Bethlehem (a) with breach of an implied warranty of fitness of the forging sold by Bethlehem to Aircraft which Aircraft had used in the manufacture of the cylinder in question, and (b) with negligence in that the alleged defects, if any, in the cylinder "were due to the negligence of Bethlehem" which had sold to Aircraft the forging from which Aircraft had machined the cylinder. The third-party complaint was brought under the provisions of Rule 14 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which reads as follows:

"(a) *When Defendant May Bring in Third Party.* Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defenses as provided in Rule 12 and his counter-claims and cross-claims against the plaintiff, the third-party plaintiff, or any other party as provided in Rule 13. The third-party defendant may assert any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant is bound by the adjudication of the third-party plaintiff's liability to the plaintiff, as well as of his own to the plaintiff or to the third-party plaintiff. The plaintiff may amend his pleadings to assert against the third-party defendant any claim which the plaintiff might have asserted against the third-party defendant had he been joined originally as a defendant. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him or to the third-party plaintiff for all or part of the claim made in the action against the third-party defendant."

Bethlehem was served by substituted service upon the Secretary of State. No question was raised, however, as to the validity of the substituted service. The entire controversy turns upon the contention of Bethlehem that as to it the proceedings lack a proper venue under Section 51 of the Judicial Code.

This statute, Section 51(a) of the Judicial Code, 28 U.S.C.A. § 112 (a) provides: "* * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant;"

Section 24 of the Judicial Code, 28 U.S.C.A. § 41, reads as follows:

"The district courts shall have original jurisdiction as follows:

"(1) First. Of all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States * * * or (b) is between citizens of different states."

 It has long been recognized that the statutory jurisdiction of courts is implemented by an ancillary jurisdiction lacking express statutory recognition. Cf. Murphy v. Robinson, 214 Mass. 585, 102 N.E. 75. The doctrine of incidental or ancillary jurisdiction is of great importance in federal jurisprudence which, by reason of the dual nature of our Government, is constantly concerned with the line of demarkation between the judicial authority of the federal courts and that of the state courts. Section 24 of the Judicial Code, 28 U.S.C.A. § 41, constitutes the Congressional outline of the requisites of "original jurisdiction" of the federal courts. Times without number cases have arisen in which it became necessary to determine whether a given proceeding involved a matter of "original" jurisdiction within the meaning of the statute or only of jurisdiction ancillary to that of some other civil action. Thus gradually was evolved a doctrine that a federal court having jurisdiction of a civil action was vested with ancillary jurisdiction over a supplemental proceeding dependent upon the principal suit even though

the supplemental proceeding, viewed independently, lacked the attributes of federal jurisdiction, provided the subject-matter of the supplemental proceeding was "(1) to aid, enjoin, or regulate the original suit; (2) to restrain, avoid, explain, or enforce the judgment or decree therein; or (3) to enforce or obtain an adjudication of liens upon, or claims to property in the custody of the court in the original suit. Such a dependent suit is but a continuation in a court of equity of the original suit, to the end that more complete justice may be done." Brun v. Mann, 8 Cir., 151 F. 145, at page 150, 12 L.R.A.,N.S., 154.

 It must be noted that the scope of ancillary jurisdiction depends only upon the subject-matter of supplemental proceeding. The number, identity or relationship of the parties affected by the supplemental proceedings have nothing to do with the existence of ancillary jurisdiction over the subject-matter. Thus it has long been established that ancillary jurisdiction over the subject-matter may obtain even though the supplemental proceeding brings in new parties. Cf. Labette County Com'rs v. Moulton, 112 U.S. 217, 5 S.Ct. 108, 28 L.Ed. 698; Krippendorf v. Hyde, 110 U.S. 276, 4 S.Ct. 27, 28 L.Ed. 145; Root v. Woolworth, 150 U.S. 401, 14 S.Ct. 136, 37 L.Ed. 1123; Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192.

It is, I think, quite clear that the subject-matter of the third-party complaints here involved has no such relation to the subject-matter of the original actions as to create a jurisdiction which is ancillary within the meaning of the definition quoted and the cases cited above. Indeed, until the new Federal Rules of Civil Procedure became effective, apparently no case went so far as to hold that an action in personam by one tort-feasor against his co-tort-feasor or against any other third person could constitute the subject-matter of a jurisdiction which was ancillary to that obtaining in an orginal action on the tort. Generally such actions were viewed as original actions, rather than merely supplemental proceedings. McEvoy v. Waterbury, 92 Conn. 664, 104 A. 164.

However, by Equity Rule 30, 28 U.S.C.A. following section 723, it was provided:

"The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-

bill, set up any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final decree in the same suit on both the original and the cross-claims.

"When in the determination of a counterclaim complete relief cannot be granted without the presence of parties other than those to the bill, the court shall order them to be brought in as defendants if they are subject to its jurisdiction."

But in Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370, and Kaumagraph Co. v. General Trade Mark Corp., D. C., 12 F.Supp. 230, 231, it was held that if a bill in equity lies within federal jurisdiction even though it be dismissed on the merits, the court is not without jurisdiction over a counterclaim falling within the first branch of Rule 30 even though the counterclaim, viewed independently, lacks the statutory requisites of federal jurisdiction. Thus in effect it has been established that a federal court having jurisdiction over the principal suit has ancillary jurisdiction to entertain and determine "any counterclaim arising out, of the transaction which is the subject-matter of the suit." Cleveland Engineering Co. v. Galion, D. C., 243 F. 405.

The doctrine of the Moore case must be accepted by this court as an authoritative recognition that the field of ancillary jurisdiction is broader than theretofore generally understood,—distinctly broader than indicated by such opinions as Brun v. Mann, supra. And this enlargement of the concept of ancillary jurisdiction has particular point here because, I think, the subject-matter of the third-party complaints here involved just as much arises "out of the subject-matter of the" principal actions as did the counterclaim in the Moore and Kaumagraph cases. Cf. Craig v. Dorr, 4 Cir., 145 F. 307; Chernow v. Cohn, D. C., 5 F.Supp. 869. Any possible distinction would be purely technical, and the scope of the new Federal Rules, surely, should receive a construction at least as broad as that accorded to Equity Rule 30.

But after all, in the Moore case the supplemental proceeding held to fall within the ancillary jurisdiction of the court was directed against a party to the principal suit. Is its doctrine applicable to a supplemental proceeding such as the third-party complaints in the pending cases which is directed against one not a party to the original suits? The only answer to this question contained in the Moore opinion, 270 U.S. at page 610, 46 S.Ct. at page 371, 70 L.Ed. 750, 45 A.L.R. 1370, is as follows: "So close is the connection between the case sought to be stated in the bill and that set up in the counterclaim, that it only needs the failure of the former to establish a foundation for the latter; but the relief afforded by the dismissal of the bill is not complete without an injunction restraining appellant from continuing to obtain by stealthy appropriation what the court had held it could not have by judicial compulsion."

I take the first clause of this statement to confirm my earlier observation expressed above that the existence of ancillary jurisdiction depends wholly upon a relationship of subject-matter as distinguished from the relationship of the parties. Thus viewed the clause strongly suggests that it is immaterial whether the supplemental proceeding is directed against a third-party, as here, or against a plaintiff to the principal suit, as in the Moore case. The second clause in the statement quoted further confirms this conclusion. For by the second clause the doctrine is justified on the ground of necessity to complete "the relief". This obviously means relief to the party bringing the supplemental proceeding. For the plaintiff in the Moore case was entitled to no relief, as is demonstrated by the action of the court which dismissed the plaintiff's bill on its merits. If, then, the test is the need of relief to the party bringing the supplemental proceeding, it is immaterial whether the relief sought is directed against a party or against a stranger to the principal action.

I hold, therefore, that this court through its jurisdiction over the principal actions has ancillary jurisdiction over the subject-matter of the third-party complaints in each of the four cases.

It does not follow, however, that the court has jurisdiction over the person of the third-party defendant notwithstanding the provisions of Section 51 of the Judicial Code. It is stated in Corpus Juris, 25 C. J. 706, that "ancillary proceedings may be brought in the district where the original suit was brought, regardless of the citizenship or residence of the parties." If this

means "regardless of the citizenship or residence of new defendants first brought into the case by the ancillary bill", I am unable to find a case which supports the doctrine. The cases which sustain ancillary jurisdiction seem not to raise any question as to venue. Thus Labette County Com'rs v. Moulton, 112 U.S. 217, 5 S.Ct. 108, 28 L.Ed. 698; Krippendorf v. Hyde, 110 U.S. 276, 4 S.Ct. 27, 28 L.Ed. 145; Root v. Woolworth, 150 U.S. 401, 14 S.Ct. 136, 37 L.Ed. 1123, are all cases turning on the question of jurisdiction; none of them deal with an objection to the venue and indeed none of them involved defendants first impleaded by an ancillary bill who had grounds under the then existing statutes of venue to raise such an objection.

But by the case of G. & C. Merriam v. Saalfield, 241 U.S. 22, 23, 36 S.Ct. 477, 60 L.Ed. 868, the question was definitely settled. That case, to be sure, dealt with an allegedly ancillary bill brought not by the defendant but by the plaintiff in the original action. But the significant feature of the case is that by this so-called ancillary bill a new party was brought into the case. And it was held, 241 U.S. at pages 29 and 30, 36 S.Ct. at page 480, 60 L.Ed. 868, that "so far as the supplemental bill seeks to bring in * * * a new party and obtain relief against him, it is not, in any proper sense, dependent upon or ancillary to the original suit"; that as against the new party "the supplemental bill is an original, not an ancillary, proceeding." To be sure, the precise issue was the validity of the service of process upon the new defendants. But objections to service, like objections to the venue, raise questions as to jurisdiction over the person, as distinguished from questions of general or federal jurisdiction. The language and reasoning of the opinion is thus decisive on a question of venue.

The Merriam case thus furnishes an illustration of the incommensurable contents which go to form the concepts of general jurisdiction and jurisdiction over the person, a subject which has had penetrating discussion in an article on Federal Jurisdiction by Messrs. Shulman and Jaegerman. Yale Law Journal, Vol. 45, page 393. As to the parties to the original bill, as to whom because they are already before the court there can be no question of jurisdiction over the person, the bill is ancillary if its subject-matter has the required relation to that of the original bill

irrespective of the presence of grounds for federal jurisdiction. But as to parties first brought into the case by the so-called ancillary bill, the ancillary bill, whatever the relation of its subject-matter may be to that of the original action, is necessarily for purposes of jurisdiction over the persons of the new defendants an "original action" within the meaning of Section 51 of the Judicial Code, 28 U.S.C.A. § 112.

To be sure, if the new parties come in voluntarily by intervention or otherwise, as was the case in Phelps v. Oaks, 117 U.S. 236, 6 S.Ct. 714, 29 L.Ed. 888, they will be deemed, under familiar principles, to have consented to jurisdiction over their persons. Alexander v. Hillman, supra. In such cases, the only question is as to ancillary jurisdiction over the subject-matter of the supplemental proceeding. But in the absence of such consent, irrespective of the presence of ancillary jurisdiction, the new parties may make objections to the venue if grounds are available therefor under Section 51 of the Code.

The substance of these views is supported by Venner v. Pennsylvania Steel Co., D. C., 250 F. 292, 298, where by curious coincidence we see Bethlehem, as here, successfully resisting impleader in an ancillary suit on grounds of improper venue. In this case, Judge Rellstab gives cogent demonstration of the presence of ancillary jurisdiction over the subject-matter. But in view of Bethlehem's non-inhabitancy he finds no cases to "justify the holding of this supplemental bill as an ancillary one." It would, I think, have been more accurate to say that notwithstanding the presence of ancillary jurisdiction over the subject-matter, the personal privilege of Bethlehem to object to the venue was unimpaired. See also Manning v. Berdan, C.C., 132 F. 382.

Counterclaim cases such as Moore and Kaumagraph do not touch the question of venue. For the Supreme Court has disposed of the plaintiff's right to object to the venue of the counterclaim by holding that on bringing the original suit the plaintiff waived all objection to the venue of a counterclaim and consented to the jurisdiction. General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408; Leman v. Krentler-Arnold Co., 284 U.S. 448, 52 S.Ct. 238, 76 L.Ed. 389. There is neither contention nor showing that Bethlehem, the third-party defendant

here, has waived its "privilege in respect of the places in which suits may be maintained" against it. (Quoting from the Marvel case [287 U.S. 430, 53 S.Ct. 204, 77 L.Ed. 408].)

I do not overlook the final paragraph of Equity Rule 30 wherein provision is made for bringing in additional parties defendant to a counterclaim. If there were cases dealing with the right of such additional parties to raise objection to venue, they would doubtless be applicable here. But I find no such cases. However, here too, the rule of Merriam v. Saalfield, supra, would seem to control. In any event, the final paragraph of Equity Rule 30 authorizes the impleader of additional parties as defendants to a counterclaim only "if they are subject" to the jurisdiction of the court. This limitation preserves the privilege of additional defendants.

■ I hold, therefore, that in the Doty, Veblen and Brostuen cases Bethlehem's objection to the venue must be sustained.

■ The Lewis case, however, requires further consideration. For Lewis alone of these four plaintiffs was a citizen of Connecticut. Thus if Lewis had originally invoked the jurisdiction of this court on the ground of diversity, Bethlehem if originally joined as a co-defendant would have been without valid objection to the venue. The Connecticut citizenship of the plaintiff Lewis thus makes it necessary to determine whether the venue of a proceeding against Bethlehem is determined by the final clause of Section 51(a) of the Judicial Code, in which case Bethlehem lacks valid objection to the venue here, or by the preceding clause, in which case Bethlehem's objection to the venue in the Lewis case is as valid as its objection in the other three cases.

Since, as we have seen, the jurisdiction over the proceeding against Bethlehem is ancillary to that of the main suit, necessarily within the meaning of the final clause of Section 51(a) it is not founded "on the fact that the action is between citizens of different States." That being so, the final clause of Section 51(a) has no application and the venue is limited by the penultimate clause of Section 51(a) which precludes a civil suit "against any person by any original process or proceeding in any other district than that whereof he is an inhabitant," notwithstanding the Connecticut citizenship of the plaintiff, Lewis.

It might perhaps be urged that since, as I hold, jurisdiction over the third-party complaint is ancillary to that of the original suit, the ancillary jurisdiction will take color or shape from the original jurisdiction so that where diversity of citizenship is present in the original suit the venue of the third-party proceeding will be determined by the final clause of Section 51(a). There is no need, however, to pass upon such a contention here. For in the Lewis case, as in the other cases here involved, federal jurisdiction of the principal actions is "founded" not on diversity of citizenship, but under the Removal Act, Jud.Code § 28, 28 U.S.C.A. § 71. Even though, in the Lewis case, the requisite diversity is present, yet the jurisdiction of the original actions is not "founded only on the fact" of such diversity.

■ Comment has been made upon the fact that official Form 22 for the "Motion to Bring in Third-Party Defendant" (Moore, Vol. 3, page 3630) contains no allegations as to jurisdiction and venue. But official Form 2 contains allegations only as to jurisdiction. As to venue the notes state: "since improper venue is an affirmative dilatory defense, it is not necessary for plaintiff to include allegations showing the venue to be proper." Moore, Vol. III, page 3599. The absence of allegation of jurisdiction in Form 22 perhaps tends to confirm my holding that jurisdiction over the third-party complaint is ancillary, thus obviating the necessity for alleging independent grounds of jurisdiction. But the absence there of any allegation as to venue imports not that the Statute of Venue is inapplicable but only that it is a matter for affirmative defense.

■ Aircraft also has relied upon the practice in admiralty with respect to third-party impleading. Cf. The Hudson, D. C., 15 F. 162; Admiralty Rule 56, 28 U.S.C.A. following section 723. It appears to me that the analogy furnished by admiralty practice for ancillary jurisdiction over third-party defendants is far less compelling than the authority of the Moore case. However that may be, the admiralty cases do not conflict with the application which I have given to the Statute of Venue, for it has long been established that libels in admiralty are not "civil suits" within the meaning of the Statute of Venue. In re Louisville Underwriters, 134 U.S. 488, 10 S.Ct. 587, 33 L.Ed. 991; Connecticut Fire

Ins. Co. v. Lake Transfer Corp., 2 Cir., 74 F.2d 258.

■ I do not overlook a line of federal cases involving third-party proceedings brought in conformity with state practice which fail to recognize the ancillary character of third-party proceedings. Wilson v. United American Lines, D. C., 21 F.2d 872; Sperry v. Keeler Transportation Line, D. C., 28 F.2d 897; Lowry & Co. v. National City Bank, D. C., 28 F.2d 895; Franklin v. Meredith Co., 2 Cir., 64 F.2d 109; Osthaus v. Button, 3 Cir., 70 F.2d 392; Grobel v. Miller, 3 Cir., 71 F.2d 503; Galveston, H. & S. A. R. Co. v. Hall, 5 Cir., 70 F.2d 608; Devost v. Twin State G. & E. Co., 1 Cir., 250 F. 349. These cases, however, do not help the third-party plaintiff here. For under the rule of these cases, as against Bethlehem, the third-party defendant here, there would be an absence of jurisdiction as well as of proper venue.

Nor need these cases be considered as necessarily conflicting with my holdings herein. For the cases must be read with an eye to the state statutes which they attempt to apply. Thus the Wilson, Sperry, and Lowry cases apply Section 193(2) of the Civil Practice Act of New York which authorizes the impleader of a third-party who "is or will be liable" to the original defendant, for the determination of that liability only. This statute appears to isolate the third-party controversy from all relationship with the original plaintiff. Hence it is scarcely strange that the third-party controversy should have been viewed as wholly "separate" requiring independent grounds of jurisdiction. Such statutes furnish sharp contrast with Rule 14 which authorizes the impleader of a third-party who "is or may be liable" either to the original defendant or to the plaintiff "for all or any part of the plaintiff's claim against" the third-party plaintiff, and which by its subsequent provisions as to pleadings clearly contemplates that the liability of the third-party defendant shall be integrated into a single multi-partied controversy.

Of the recent decisions applying Rule 14, the following appear to recognize that the third-party proceeding may fall within the ancillary jurisdiction of the court having jurisdiction over the principal suit; Crum v. Appalachian Electric Co., D. C., 27 F. Supp. 138; Bossard v. McGwinn, D. C., 27 F.Supp. 412; Tullgren v. Jasper, D. C., 27 F.Supp. 413. In these cases, the question of venue seems not to have been directly

involved. However, in King v. Shepherd, D. C., 26 F.Supp. 357, the decision was directly based upon an objection as to venue and the result reached seems to accord with my holding.

In each of the four actions, the defense of improper venue must be sustained and Bethlehem dropped as a third-party defendant.

So ordered.