### KING v. SHEPHERD et al.
### No. 5.

District Court, W. D. Arkansas, Fort Smith Division.

Dec. 31, 1938.

Hardin & Barton, of Fort Smith, Ark., for R. E. King.

Pryor & Pryor, of Fort Smith, Ark., for A. W. Shepherd, doing business as A. W. Shepherd Bus Lines.

Daily & Woods, of Fort Smith, Ark., for Mutual Casualty Co.

RAGON, District Judge.

R. E. King filed suit against A. W. Shepherd, doing business as A. W. Shepherd Bus Lines, on October 8, 1938, for damages as a result of personal injuries sustained by the plaintiff by reason of an automobile accident occurring in the city of Fort Smith, Arkansas. The plaintiff was a citizen of Fort Smith, Arkansas, and the defendant was a citizen of the State of Oklahoma.

On October 13, 1938, the defendant, Shepherd, filed a third party complaint against the National Mutual Casualty Company as a third party defendant, alleging that the third party defendant carried a policy of insurance indemnifying Shepherd against loss by reason of automobile accidents and contracting to defend the said Shepherd against any suits filed against him as a result of such accidents. Shepherd alleges that the third party defendant has failed to fulfill the agreements of the insurance contract by refusing to defend in the action which King had filed. The ground upon which the jurisdiction of this court was invoked was a diversity of citizenship between the parties, the third party plaintiff alleging that he was a citizen and resident of the State of Missouri and the third party defendant was a citizen of the State of Oklahoma, and alleging, of course, the requisite jurisdictional amount.

To the third party complaint, The National Mutual Casualty Company, third party defendant, moved to dismiss the action against it for the reason that the Western District of Arkansas was not the proper venue in which said action could be brought. The movant sets forth: "For more particular grounds of said motion, this movant would show to the court that said third party complaint against this third party defendant presents a separate and severable controversy and that the sole ground of

jurisdiction of the Federal Court is because of the diversity of citizenship between the said third party plaintiff and third party defendant. That it is further disclosed by said third party complaint that said third party plaintiff is a resident of the State of Missouri and that said third party defendant is a resident of the State of Oklahoma, and that neither of said parties is a resident of the Western District of Arkansas. That said cause of action arose, wholly within the state of Oklahoma and that the venue of said action based upon said diversity of citizenship would be in the Northern District of Oklahoma and not in the Western District of Arkansas."

While the new rules provide for third party actions, they likewise specifically provide that the jurisdiction and venue of actions shall be unaffected. Rule 82, 28 U. S.C.A. following section 723c, reads as follows: "Jurisdiction and Venue Unaffected. These rules shall not be construed to extend or limit the jurisdiction of the district courts of the United States or the venue of actions therein."

The venue of the action set forth by the third party plaintiff would not be in the Western District of Arkansas, and Rule 82 specifically limits the application of the rules so far as they relate to jurisdiction and venue so as to exclude the present case. These facts appearing upon the face of the pleadings, the motion to dismiss is accordingly sustained.