## JOSEPH A. AIAU, HORNER A. AIAU AND FRANCES S. L. TYAU, TRUSTEES OF THE ESTATE OF LOIKA AIAU, DECEASED *v*. ROSE K. AIAU.

### No. 2735.

ARGUED AUGUST 17, 1951.                    DECIDED AUGUST 21, 1951.

LE BARON AND TOWSE, JJ., AND CIRCUIT JUDGE PARKS IN PLACE OF KEMP, C. J., RETIRED.

OPINION OF THE COURT BY LE BARON, J.

This is an action to quiet the titles of two contiguous parcels of land. It involves a family controversy covering a period of more than sixty years and arising out of doubtful meanings of parts of deeds and other documentary evidence as introduced at the trial by witnesses whose testimony is largely conflicting.

After extensive trial the presiding judge in equity entered a decree quieting the title of one parcel favorably, and that of the other adversely, to the appellants. The appellants appeal from the portion of the decree which is adverse to them.

On oral argument the appellee raised and argued the question whether or not the opening brief of appellants warrants dismissal of appeal for failure to contain "a specification of the errors which are relied upon" as required

by rule 3 (d) of rules of supreme court, 38 Haw. 677. The appellants ignored the question so raised and argued. But this court deems it of sufficient importance to be considered.

The opening brief of appellants on its face patently violates the rule. It contains no specification of any error — much less one of "the errors * * * relied upon" as grounds of reversal within the meaning of the rule. (Rule 3 [d], Rules Sup. Ct., *supra*.) Nor are any parts of it susceptible of being construed as a reasonable and substantial compliance with the rule's requirement. On the contrary, the brief throughout is argumentative and constitutes a presentation of the appellants' side of the case as it stood before judgment below which an advocate of that side properly could have argued to the trial court at the close of trial. But it does not demonstrate from the record the commission of any error of trial or of judgment, state any ground of reversal or raise any precise question of fact or of law for appellate consideration. By thus not bringing into appellate review both the facts and the law of the whole case as adjudged below, it is violative not only of the rule, but of the purpose of an appeal from a decree in equity. It therefore so flagrantly violates the letter and spirit of the rule that the appeal itself has no efficacy.

Under the principles enunciated by this court in *Territory* v. *Carl Meyer*, 37 Haw. 102, the appeal is dismissed.

*W. Y. Char* (*Sau Ung Chan* with him on the briefs) for petitioners-appellants.

*A. K. Trask* (also on the brief) for respondent-appellee.