DIANNE ALAMIDA, Plaintiff *v*. DIANA WILSON, Defendant and Third-Party Plaintiff-Appellee *v*. GORDON MORSE, et al., Defendants and Third-Party Defendants-Appellees and COUNTY OF HAWAII, Defendant and Third-Party Defendant-Appellant

No. 5131

April 5, 1972

RICHARDSON, C.J., ABE, LEVINSON, KOBAYASHI JJ., and VITOUSEK, Circuit Judge, for MARUMOTO, J., disqualified

OPINION OF THE COURT BY RICHARDSON, C.J.

On March 14, 1969 plaintiff suffered injuries while riding as a passenger in the upper portion of a camper vehicle driven by defendant Wilson. Although the wheels of the camper vehicle did not leave the road pavement, the upper portion of the vehicle struck a utility pole which stood at the base seven inches from the face of the curb but which inclined slightly toward the center of the roadway. Plaintiff filed her complaint against defendant Wilson in the Circuit Court of the First Circuit. Defendant Wilson brought in as third-party defendants Gordon Morse[1], Hawaiian Telephone Company, Hilo Electric Light Company, John Keawe and the County of Hawaii. Before commencement of trial, defendant Wilson and all third-party defendants except the County of Hawaii paid the plaintiff $118,000.00 in return for a release which ran to all defendants, including the non-settling County of Hawaii. The posture of the case then became that of an action for contribution by the settling defendants against the County of Hawaii. The jury found the County 30% at fault. The court rendered judgment against the County and in favor of the settling defendants in the amount of $35,400 or 30% of the settlement of $118,000. A court order pursuant to a stipulation by the settling defendants apportioned the judgment as follows: $8,106.60 in favor of Hawaiian Telephone Company, $6,973.80 in favor of Hilo Electric Light Company, Ltd., and $20,319.60 in favor of defendants Morse and Keawe.

I

Appellant County of Hawaii urges on appeal that under

---

[1]Gordon Morse was originally sued as Holo Holo U-Drive Company.

HRS § 603-36[2], the Circuit Court of the First Circuit lacked jurisdiction or iñ the alternative that venue was improper.

We think that *Kaui v. Kauai County*, 47 Haw. 271, 386 P.2d 880 (1963) correctly held that the statutory language of HRS § 603-36(9) pertains not to jurisdiction but to venue. The two concepts should not be confused. The requirements of jurisdiction are grounded in the state's inherent judicial power while requirements of venue are grounded in convenience to litigants. Article V, Section 1 of the Hawaii Constitution provides: "The judicial power of the State shall be vested in one supreme court, circuit courts, and in such inferior courts as the legislature may from time to time establish. The several courts shall have original and appellate jurisdiction as provided by law." The judicial power is an aspect of the power of a sovereign over a certain geographic territory; it derives from a generally recognized duty of the sovereign to regulate the relationship of individuals to the sovereign and the relationship of individuals inter se. Jurisdiction is a concept closely allied with judicial power. One of the aspects of jurisdiction involves the division and allocation of the sum total of the judicial power among the various courts of the state. This allocation and division may quite properly proceed on the basis of the amount in controversy, the subject matter of the controversy, or the posture of the controversy within the appellate process. The term "juris-

---

[2]HRS § 603-36 provides in pertinent part:

§ 603-36 *Limitations*. The power and jurisdiction of circuit courts and circuit judges in chambers relating to causes of a civil nature as defined in sections 603-21 to 23, and 603-37, shall be limited as follows:

    *        *        *        *        *

(9) All civil actions other than those specified above shall be brought in the circuit where the cause of action arose or where the defendant is domiciled; provided, if there be more than one defendant, then the action shall be brought in the circuit in which the cause of action arose unless a majority of the defendants are domiciled in another circuit, whereupon the action may be brought in the circuit where the majority of the defendants are domiciled.

diction" may also be used to describe the territorial limits of the sum total of the sovereign's judicial power. Where judicial circuits or divisions are created within the state, however, the allocation of the judicial business among the various circuits or divisions is an allocation based upon convenience to parties. Limitations which localize actions within a given judicial circuit or division are venue requirements. Since venue requirements are based upon concepts which are unrelated to judicial power, requirements of venue may be waived. *Kaui v. Kauai County, supra*. We think that HRS § 603-36(9) relates to matters of convenience to parties; accordingly the statute is one pertaining to venue.

It is clear that at the time of the initiation of suit, venue was proper inasmuch as defendant Wilson was domiciled in the First Judicial Circuit. The addition of the third parties defendant created a situation which the County asserts constitutes improper venue insomuch as the cause of action arose in the Third Judicial Circuit, where the majority of parties defendant were domiciled. The County argues that a finding that venue in the First Judicial Circuit is proper allows the parties to achieve by the device of the third-party complaint a result that could not have been achieved had plaintiff sued all six parties defendant in her original complaint. The County asserts that this practice is impermissible because such practice involves the use of third-party practice under H.R.C.P. Rule 14 to modify the statutory requirement of venue, contrary to H.R.C.P. Rule 82.[3]

Rules 14 and 82 of the Federal Rules of Civil Procedure contain language substantially the same as H.R.C.P. Rules 14 and 82. Under the weight of recent authority interpreting Federal Rules 14 and 82, with which we agree, where a third-party complaint has been filed, venue may rest on the

---

[3]Rule 82. *Jurisdiction and Venue Unaffected*. These rules shall not be construed to extend or limit the jurisdiction of the circuit courts or the venue of actions therein.

main proceeding,[4] on the theory that the third-party complaint is under the ancillary jurisdiction of the court. Accordingly, we hold that under our Rules of Civil Procedure and HRS 603-36(9) the addition of third-parties defendant will not disturb venue once properly laid in one of the judicial circuits of this state.

## II

The County's position is that the stipulation and order awarding $20,319.60[5] to Morse and Keawe harmed the County because Morse and Keawe were mere volunteers whose gratuitous payment accrued to the negligent co-defendants as a class;[6] accordingly, the County argues, the stipulation to pay money to Morse and Keawe without consent of the County resulted in a gratuitous transfer of the County's property. Although we disagree with the trial court's use of the equitable principle of *contribution* to support the payment to Morse and Keawe, we think the payment was other-

---

[4]*E.g.*, United States v. Acord, 209 F.2d 709 (10th Cir. 1954) *cert. denied*, 347 U.S. 975; Lesnik v. Public Industrials Corp., 144 F.2d 968 (2d Cir. 1944); First Flight Co. v. National Carloading Corp., 209 F. Supp. 730 (E.D. Tenn. 1962); LaChance v. Service Trucking Co., 208 F. Supp. 656 (D. Md. 1962); Gaspord v. Emery Transp. Co., 179 F. Supp. 207 (E. D. Pa. 1959). *Contra* Habina v. M. A. Henry Co., 8 F.R.D. 52 (S.D. N.Y. 1948); Lewis v. United Air Lines, 29 F. Supp. 112 (D.C. Conn. 1939); King v. Shepherd, 26 F. Supp. 357 (W.D. Ark. 1938).

[5]Defendants Morse and Keawe paid $26,500.00 toward the settlement of $118,000.00. The judgment in their favor in the amount of $20,319.60 resulted from a stipulation among the settling defendants as to the division of the County's contribution of $35,400.00.

[6]If the payment of Morse and Keawe can be said to be a "gratuity," the question arises, "to whom is the payment a gratuity, the plaintiff or the defendants?" Where there has been no accord and satisfaction, such as where the plaintiff grants a covenant not to sue or a partial release pursuant to HRS § 663-14, the "gratuity" from the non-negligent co-defendant accrues to the plaintiff. Deatley's Adm'r v. Phillips, 243 S.W.2d 918 (Ky. 1951); Papenfus v. Shell Oil Co., 254 Wis. 233, 35 N.W.2d 920 (1949). In the instant case, however, there has been an accord and satisfaction of plaintiff's claim, accordingly, were we to accept the line of reasoning that concludes that the payment is a "gratuity," we would agree with the contention of the County that the "gratuity" accrues to the co-defendants.

wise proper. Third-party defendants Morse and Keawe are not joint tort-feasors within the meaning of HRS § 663-11, as they are not persons "jointly or severally liable in tort for the same injury to person or property." Accordingly, they are not entitled to recovery on the theory of contribution as set forth in HRS § 663-12.[7]

Although we think that there can be no recovery on the theory of *contribution*, we do think that Morse and Keawe are entitled to recover from the co-defendants found liable, in this case the County, on the equitable principle of *subrogation* which was described by this court in *Kapena v. Kaleleonalani*, 6 Haw. 579, 583 (1885) as:

> . . . broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter; but it is not to be applied in favor of one who has officiously, and as a mere volunteer, paid the debt of another, for which neither he nor his property was under any obligation to pay; and it is not allowed where it works any injustice to the rights of others.

The equitable considerations which dictate the granting of relief in favor of a settling tort defendant who later is found not negligent are well set forth in *Rusch v. Korth*, 2 Wis. 2d 321, 327-28, 86 N.W.2d 464, 468 (1957):

> . . . If a wrongdoer who has paid a claim may recover half the payment from another who ought in fairness to pay part of it, surely one who is found not to have been guilty of any wrong should not be denied a like recovery from one who ought in equity and fairness to pay the whole claim. Something is radically wrong with a rule which would require one to establish his own wrongdoing in order to avail himself of an equitable remedy.

---

[7]§ 663-12 *Right of contribution; accrual; pro rata share*. The right of contribution exists among joint tort-feasors.

A joint tort-feasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof.

On the theory of contribution, *Rusch v. Korth, supra,* granted recovery to the non-negligent settling co-defendant in the amount of one-half of his settlement with plaintiff. 2 Wis. 2d at 330, 86 N.W.2d at 469. Although the rationale of *Rusch v. Korth, supra,* that a non-negligent settling co-defendant is entitled to contribution, was soon thereafter questioned,[8] then overruled,[9] the equitable considerations set forth in *Rusch v. Korth, supra,* continue to have force according to the overruling opinion, serving as the basis for recovery under the doctrine of subrogation. The doctrinal basis for recovery by a non-negligent settling tort-feasor is, we think, properly stated in *Kennedy-Ingalls v. Meissner,* 5 Wis. 2d 100, 92 N.W.2d 247 (1958). There the court cited Restatement, Restitution § 71 for the proposition that one who settles under threat of civil suit is not a volunteer, and is, therefore, entitled to recover under the general principle of subrogation as set forth in Restatement, Restitution § 162:

> Where property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lienholder.

We think it proper to treat the settling co-defendant who is later found not negligent as a party entitled to subrogation. We think such a result is doctrinally sound, and will promote the orderly settlement of lawsuits.

## III

The County's final two points involve alleged errors concerning the standard of care required of persons who rent motor vehicles and the immunity of the County for acts involving discretionary governmental functions. See *Rod-*

---

[8]Bauman v. Gilbertson, 7 Wis. 2d 467, 96 N.W.2d 854 (1959).

[9]Farmers Mutual Automobile Ins. Co. v. Milwaukee Automobile Ins. Co., 8 Wis. 2d 512, 99 N.W.2d 746 (1959).

rigues v. State, 52 Haw. 156, 472 P.2d 509 (1970); State v. Rogers, 51 Haw. 293, 459 P.2d 378 (1969). In its brief the County does not set forth the manner in which the alleged errors were raised in the trial court, in violation of Supreme Court Rule 3(b)(5) which provides that:

. . . Each point shall refer to the alleged error upon which appellant intends to rely and shall show the manner in which it is raised, with a reference to the record where the same may be found. . . .

Therefore, pursuant to Supreme Court Rule 3(f) the appeal as to the standard of care required of persons who rent motor vehicles for hire and the County's immunity for acts involving discretionary governmental functions is dismissed; we do not reach the issues presented. Cf., Ala Moana Boat Owners' Ass'n v. State, 50 Haw. 156, 434 P.2d 516 (1967); State v. Pokini, 45 Haw. 295, 367 P.2d 499 (1961); Aiau v. Aiau, 39 Haw. 122 (1951); Territory v. Meyer, 37 Haw. 102 (1945), aff'd, 164 F.2d 845 (1947).

Affirmed.

George S. Yuda, Assistant Corporation Counsel, and Stephen K. Yamashiro, Deputy Corporation Counsel (Wendell K. Kimura, Corporation Counsel, with them on the briefs), for defendant and third-party defendant-appellant County of Hawaii.

Ronald D. Libkuman (Libkuman, Shimabukuro & Ventura of counsel) for defendant and third-party plaintiff-appellee Diana Wilson.