883 P.2d 449

ROWLEY PLASTERING CO., INC., an Arizona corporation, Cross Claimant, Cross Defendant–Appellee,

v.

MARVIN GARDENS DEVELOPMENT CORPORATION, an Arizona corporation; and Marvin Gardens Development Construction Corporation, an Arizona corporation, Cross Defendants, Cross Claimants–Appellants.

No. 1 CA–CV 91–0403.

Court of Appeals of Arizona, Division 1, Department A.

March 10, 1994.

Review Denied Nov. 1, 1994.

Cohen McGovern Shorall & Stevens, P.C. by Thomas P. McGovern, Phoenix, for cross claimant, cross defendant-appellee.

Campana, Vieh & Strohm, P.C. by James E. Vieh and Bernard C. Owens, Scottsdale, for cross defendants, cross claimants-appellants.

## OPINION

WEISBERG, Judge.

Marvin Gardens Development Corporation and Marvin Gardens Development Construction Corporation ("M.G.") appeal from the denial of their motion for new trial and entry of judgment in favor of Rowley Plastering Co., Inc. ("Rowley").

Numerous issues have been raised in this appeal, only one of which is the appropriate subject-matter of an opinion. *See Fenn v. Fenn,* 174 Ariz. 84, 85, 847 P.2d 129, 130 (App.1993). We have disposed of the other issues by memorandum decision. Because we hold that Rowley is entitled to restitution, we affirm the trial court.

### FACTS/PROCEDURAL HISTORY

■ This case began as a negligence action brought by a carpenter ("plaintiff"), who slipped on wet stucco and fell down a flight of stairs at a construction site. Plaintiff filed a complaint naming as defendants the developer and general contractor, M.G., and the stucco subcontractor, Rowley.

M.G. and Rowley asserted cross-claims against each other for indemnity. M.G. based its indemnity cross claim on its contract with Rowley. A clause in the contract required Rowley to indemnify M.G. for any loss for which Rowley were found to be even partially responsible. Rowley based its cross claim upon the theory that its alleged conduct could be found to be passively negligent only, and that M.G., as the actively negligent party, would be responsible for all damages.

M.G. subsequently moved for summary judgment on the cross-claims. The court ruled that (1) if Rowley were found to be even minimally responsible for plaintiff's damages, there would be no scenario under which Rowley would be entitled to indemnification from M.G., (2) if Rowley were found to be even minimally at fault, M.G. would be entitled to total indemnification from it, and (3) if Rowley were found to be without fault, M.G. would not be entitled to any indemnification from it.

Plaintiff subsequently gave notice that he had settled his claims against all defendants

and filed a motion to dismiss, stating that he had agreed to accept $105,000 from Rowley for a full release of both M.G. and Rowley. M.G. then lodged a form of order which would have dismissed Rowley's cross-claim against it. Rowley objected and oral argument was heard. The court refused to sign the proposed order, apparently accepting Rowley's argument that, if it were not at all at fault, Rowley might have a common law right permitting it to recover the amount of the settlement from M.G.

Following a hearing, the court held that the payment of $105,000 by Rowley constituted a good faith settlement. The case then proceeded to a jury trial. The jury returned a verdict finding plaintiff 15% at fault, M.G. 85% at fault, and Rowley 0% at fault.

M.G. moved for a new trial and for reconsideration of the court's refusal to sign the order dismissing Rowley's cross-claim, and for a new trial on its claim for indemnity. These motions were denied and judgment for $89,250 (85% of the $105,000 settlement) was entered. M.G. filed a timely notice of appeal.

## ISSUE

Where potential full liability might be imposed upon a partially negligent codefendant as a result of an indemnity agreement, is a non-negligent settling codefendant entitled to restitution from a negligent non-settling codefendant?

## DISCUSSION

■ Rowley contends that under the doctrine of equitable subrogation it is entitled to restitution for its payment to plaintiff. The doctrine of equitable subrogation is founded upon principles of equity; its purpose is to compel the ultimate payment of a debt by one who in justice and good conscience ought to pay it. *Kilpatrick v. Superior Ct.*, 105 Ariz. 413, 422, 466 P.2d 18, 27 (1970). "As now applied, it is broad enough to include every instance in which one person, not acting as a mere volunteer or intruder, pays a debt for which another is primarily liable, and which in equity and good conscience should have been discharged by the latter." *Id.* at 423, 466 P.2d at 28 (quoting *Fenly v.*

*Revell*, 170 Kan. 705, 228 P.2d 905, 908–09 (1951)). Equitable subrogation is used to enforce restitution in order to prevent unjust enrichment. *Id.*

M.G. argues that Rowley is not entitled to restitution under the doctrine of equitable subrogation because (1) Rowley was a mere volunteer when it sought the release of M.G. in its settlement with plaintiff, and (2) M.G. was not unjustly enriched when Rowley obtained M.G.'s release from plaintiff.

### 1. Volunteer

M.G. first argues that, because Rowley had no obligation to either pay plaintiff or indemnify M.G. if it were not itself negligent, it acted as a mere volunteer when it settled with plaintiff and obtained the release of M.G. We disagree. One who settles under threat of civil proceedings or to protect its own interests is not a mere volunteer. *See* Restatement of Restitution, § 71(2) (1937); *Alamida v. Wilson*, 53 Haw. 398, 495 P.2d 585, 589 (1972); *Newcomer v. Masini*, 45 Wash.App. 284, 724 P.2d 1122, 1124 (1986).

In this case, Rowley was under the threat of civil proceedings because it had been named as a defendant in plaintiff's negligence action. Further, by obtaining the release of M.G., Rowley was acting to protect its own interests. The contract between M.G. and Rowley required Rowley to indemnify M.G. for any damages if Rowley were found to be even partially at fault. Therefore, Rowley was required to insist upon the release of M.G. or it would have remained exposed to a possible judgment in excess of the settlement amount. Accordingly, Rowley was not a volunteer when it settled with plaintiff and obtained the release of M.G.

### 2. Unjust Enrichment

To be entitled to equitable subrogation, the payor must also show that the benefited party was "unjustly" enriched. *Kilpatrick*, 105 Ariz. at 423, 466 P.2d at 28. M.G. contends that it was not unjustly enriched by Rowley's obtaining its release from plaintiff. M.G. points out that all courts that have found unjust enrichment, and have therefore allowed the equitable subrogation remedy,

have been in jurisdictions which impose joint and several liability on tort defendants. In such jurisdictions, a codefendant is faced with the risk of being forced to pay all of a plaintiff's damages regardless of its degree of fault. To avoid this risk, courts have allowed a non-negligent settling tort codefendant, under the doctrine of equitable subrogation, to cap its damages and recover restitution from a negligent non-settling tort codefendant.

■ M.G.'s argument continues that the doctrine of equitable subrogation has no place in states, such as Arizona, that have abolished joint and several liability in favor of comparative negligence. In comparative negligence states, a negligent codefendant will not be required to pay more than the percentage of damages attributable to its own negligence. Therefore, M.G. concludes, equitable subrogation is no longer a viable concept in Arizona because it is not inequitable to require a non-negligent codefendant to enforce its rights at trial since it can never be held responsible for any damages not attributable to its degree of fault. *See Kemper Nat'l P & C Cos. v. Smith,* 419 Pa.Super. 295, 615 A.2d 372, 379 (1992). We, however, do not agree that this logic applies to the instant case.

Although Rowley was not facing liability in excess of its degree of fault as a result of Arizona statutory law, it still was facing the same degree of risk as a result of its agreement with M.G. If the jury had found Rowley to be even one percent at fault, the indemnity provision would have required it to pay the full amount of damages. The fact that this risk was imposed by contract, rather than by law, is immaterial. The equitable considerations that favor awarding restitution to a non-negligent settling codefendant apply regardless of how the risk is imposed:

> ... If a wrongdoer who has paid a claim may recover half the payment from another who ought in fairness to pay part of it, surely one who is found not to have been guilty of any wrong should not be denied a like recovery from one who ought in equity and fairness to pay the whole claim.

*Alamida,* 495 P.2d at 589 (quoting *Rusch v. Korth,* 2 Wis.2d 321, 86 N.W.2d 464, 468 (1957)).

■ Moreover, Rowley did not contractually assume the risk of being forced to pay all of plaintiffs' damages if it were not itself negligent. The indemnity provision required that Rowley be at least partially at fault before it would be held responsible for the share of damages otherwise attributable to M.G. But it also provided that it "shall not be construed to negate, or abridge, or otherwise reduce any right or obligation of indemnity which would otherwise exist as to any party...." Accordingly, Rowley did not give up its common law right of equitable subrogation.

This result fully comports with the intent behind our legislature's enactment of comparative negligence: that only those responsible for an injury should have to pay, and that each party will be responsible for paying only its share. Moreover, allowing equitable subrogation to apply in these circumstances will also encourage settlements. Regardless whether the risk of total liability is imposed by law or assumed by contract, a non-negligent codefendant should not be forced to risk such liability at trial in order that a negligent codefendant may be held liable for its share of damages.

## CONCLUSION

We hold that, if total liability may be imposed upon a partially negligent codefendant as a result of an indemnity agreement, a non-negligent settling codefendant is entitled to restitution from a negligent non-settling codefendant. We affirm the trial court's decision.

GARBARINO and CLABORNE, JJ., concur.