G.F., Petitioner-Appellee,
v.
S.C., and CHILD SUPPORT ENFORCEMENT AGENCY, Respondents, and A.M. and J.M., Intervenors-Appellants.
No. 28268.
Intermediate Court of Appeals of Hawaii.
January 18, 2008.
On the briefs:
Huilin Dong, for Intervenors-Appellants.
G.F., Petitioner-Appellee pro se.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., NAKAMURA and FUJISE, JJ.
Intervenors-Appellants A.M. and J.M. (collectively, Appellants), maternal grandparents of minor child S.M. (Child), appeal from (A) the October 6, 2006 Order Denying Motion for Reconsideration of Court's Denial of (1) Defendant's Motion for a Change of Custody Due to Substantial Change of Circumstance; for Appointment of a Custody Evaluator; and (2) Intervenors' Motion to Intervene for Visitation with the Minor Child Filed July 12, 2006 and (B) the November 3, 2006 Order Denying [A.M. and J.M.'s] Motion to Intervene for Visitation with the Minor Child. After a careful review of the issues raised, the arguments made, authorities cited and the record in this case, we affirm.

I. Background
This case began on November 16, 2004, when Petitioner-Appellee G.F., Child's father (Father), filed his Petition for Custody, Visitation, Support Orders After Voluntary Establishment of Paternity (Petition) in the Family Court of the First Circuit (family court), asking that legal and physical custody of Child[1] be awarded to her mother, S.C. (Mother), and Father jointly, with reasonable visitation as agreed upon by the parties. Based in part on Mother's failure to appear at the October 24, 2005 hearing held on the Petition, the family court entered its December 12, 2005 Order Granting [Father's] Petition for Custody, Visitation, Support Orders After Voluntary Establishment of Paternity, Filed November 16, 2004, awarding Father, inter alia, sole physical custody of Child and terminating his child support obligation, ordering Mother to pay child support to Father, and reserving the issue of Mother's visitation rights.[2]
On May 1, 2006, Mother moved for a change in custody based on a change in circumstances subsequent to the award of custody to Father. According to Mother, (1) Father did not raise Child, but allowed his mother and her husband to do so; (2) Child's paternal grandmother and her husband had criminal records and a history of drug use; (3) Child's paternal grandmother's household consisted of nine "members" in a two-bedroom house and (4) these members included adults with criminal records and a history of substance abuse.
Also on May 1, 2006, Appellants filed their motion to intervene, citing Hawaii Revised Statutes (HRS) § 571-46(7) and asking for unspecified, "extensive visitation with [Child]." Appellants attached affidavits attesting to their substantial contributions of time and financial assistance to Child prior to the family court's award of custody to Father and asked that the family court return custody of Child to Mother and to allow Appellants "independent" or "extensive" rights of visitation. Appellant J.M. also averred that, after Father obtained custody of Child, Father "had made sure that not only we could not see [Child] at her new home, the school was informed that we could not be authorized to see her even at school."
A consolidated hearing on Mother's motion for a change in custody and appointment of a custody evaluator and Appellants' motion to intervene was held on June 22, 2006, before the Honorable Jennifer L. Ching, presiding in the District Family Court of the First Circuit. Father, who was not present, was represented by counsel. Mother and her counsel were present. Appellants were not present in the courtroom but were represented by Mother's counsel. After hearing Mother's testimony, the family court found no material change of circumstances had been shown and denied her motion for change of custody.
The family court then indicated it would not hear additional testimony regarding Appellants' motion, heard Appellants' counsel state that their motion was "based on their past involvement in the [Child's] life," and denied Appellants' motion, remarking, "[t]he parents can't even agree on this. We're not going to add in more parties to complicate the situation."
On July 12, 2006, Appellants moved for reconsideration of the family court's oral decision, arguing that their unopposed affidavits "established that they participated in the care of [Child], almost daily, prior to the change of custody by default, which resulted in the removal of [Child] from Mother in 12/05; [Child] was bonded to them; and their continued extensive visitation is in the best interest of [Child]." Appellants also claimed the family court failed to "articulate[] any just reason" to deny their motion.
On October 6, 2006, the family court entered its Order Denying Motion for Reconsideration of Court's Denial of (1) Defendant's Motion for a Change of Custody Due to Substantial Change of Circumstance; for Appointment of a Custody Evaluator; and (2) Intervenors' Motion to Intervene, for Visitation with the Minor Child filed July 12, 2006, denying, inter alia, Appellants' motion and concluding that, with regard to that motion, under "the totality of the circumstances, discretion did not warrant granting [Appellants'] request for extensive visitation with [Child]." This appeal[3] from the Order followed.

II. Discussion
On appeal, Appellants challenge Findings of Fact (Finding)) I, 5 and 6 and Conclusions of Law (Conclusion) 3, 4 and 5 of the family court's December 14, 2006 Findings of Fact and Conclusions of Law regarding the Order appealed from in this case.
Preliminarily, we note that Appellants lack standing to challenge Finding 1 and Conclusions 3 and 4, which pertain to Mother's motion for change of custody and for appointment of a custody evaluator As Appellants were not a party to Mother motion and the challenged Finding and Conclusions do not pertain to their motion to intervene or for visitation, we decline to review them. Abaya v. Mantell, 112 Hawai`i 176, 181, 145 P.3d 719, 724 (2006) (must have been a party to the action; must have had standing to oppose it in the trial court and must be aggrieved by the ruling to have standing).
Turning to Findings 5 and 6[4] and Conclusion 5,[5] Appellants argue that their due process rights were violated when the family court "allocated" only four minutes for their hearing, and denied their request, through counsel, to be present at the hearing, because it did not want to take additional testimony, "even if such testimony would have shed additional light on the issue of the best interest of the child." Appellants misconstrue the record.
First, Appellants did not designate this claim as a point on appeal; this alone is a basis to reject it. Alamida v. Wilson, 53 Haw. 398, 405, 495 P.2d 585, 590 (1972) (construing the predecessor to Hawai`i Rules of Appellate Procedure Rule 28, Supreme Court Rule 3(b)(5)). This sentiment has been expressed more recently in Morgan v. Planning Dept., v. County of Kauai, 104 Hawai'i 173, 180, 86 P.3d 982, 989 (2004) and Schefke v. Reliable Collection Agency, Ltd., 96 Hawai`i 408, 420, 32 P.3d 52, 64 (2001). "Nonetheless, inasmuch as `this court has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible,' we address the issues [the parties raise] on the merits." Schefke, 96 Hawai`i at 420, 32 P.3d at 64 (quoting Housing Fin. & Dev. Corp., v. Ferguson, 91 Hawai`i 81, 85-86, 979 P.2d 1107, 1111-12 (1999)) (internal quotation marks omitted). Second, the transcript of the hearing reflects no specific "allocation" of time, either generally or specifically limiting the proceedings to four minutes, for the hearing on Appellants' motion. There is nothing in the record showing such a limitation, although it is clear that the hearing actually conducted on Appellants' motion was short.
Finally, the transcript of the hearing does not reflect any request by counsel that Appellants be present; she merely stated, "They're here, too." Consequently, the court did not deny any request by Appellants to be present in the courtroom. While it is true that the family court did state its desire not to take additional testimony on Appellants' motion, counsel did not object to this ruling, nor did she make a proffer regarding what Appellants would have testified to.
Appellants also argue that their undisputed affidavits established extensive visitation was in the best interests of Child based on their averments that prior to the change in custody from Mother to Father, they participated in the care of Child "almost daily" and that Child was "bonded to them."
As Appellants recognize in their opening brief, the matter of custody rests in the "wide discretion" of the family court.
The family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Under the abuse of discretion standard of review, the family court's decision will not be disturbed unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.
In the Interest of Doe, 77 Hawai`i 109, 115, 883 P.2d 30, 36 (1994) (internal quotation marks, citations, brackets, and ellipsis omitted).
While obviously important, the Hawai`i Supreme Court has held that the best interest of the child is not the only concern in the exercise of this discretion.
[W]e do not regard [HRS § 571-46(7)] as limiting a family court's discretion to deny rights of visitation only in the instance where a detriment to the best interests of the child has been demonstrated. To construe the statute in this way would render the words "in the discretion of the court" meaningless. As this case illustrates, . . . it is conceivable that factors other than a detriment to the best interests of the child may militate against a grant of visitation rights.
Camerlingo, 88 Hawai`i at 72, 961 P.2d at 1166.
Here, the family court expressed its concern that the visitation rights of the parents had not yet been determined _and that the addition of "more parties" would only complicate the situation. Appellants have not challenged this finding by the family court. Rather, they argue that such a basis is insufficient. Upon a review of this record however, we cannot say Appellants have carried their burden on appeal to show an abuse of discretion. Custody had been awarded to Father and Mother's rights to visitation had been reserved. In the time between the October 24, 2005 hearing when the family court reserved Mother's right to visitation and the June 22, 2006 hearing on her motion for change of custody, it appears that Mother and Father could not amicably resolve the issue of her visitation. The family court made clear that it was not ruling Appellants could not see Child, but was merely denying their motion. Given that Appellants' request was for "extensive" visitation, the family court's decision not to rule on the request at that juncture was within its discretion.
Therefore,
IT IS HEREBY ORDERED that the October 6, 2006 Order Denying Motion for Reconsideration of the Family Court of the First Circuit's Denial of (1) Defendant's Motion for a Change of Custody Due to Substantial Change of Circumstance; for Appointment of a Custody Evaluator; and (2) Intervenors' Motion to Intervene for Visitation With the Minor Child Filed July 12, 2006 and the November 3, 2006 Order Denying [A.M. and J.M.'s] Motion to Intervene for Visitation with the Minor Child, Filed May 1, 2006, are hereby affirmed.
NOTES
[1] Child, born on August 3, 1999, was five years old at the time.
[2] Mother's December 21, 2005 amended motion for reconsideration was denied by order filed March 17, 2006. The Family Court of the First Circuit (family court) ruled that Mother had not shown good cause, under Hawai`i Family Court Rules (HFCR) Rule 55(c) "to set aside the entry of default or the Order." Mother, through counsel Huilin Dong, filed a motion to set aside default on February 24, 2006. On May 6, 2006, the family court issued its order denying Mother's motion to set aside default, again ruling that good cause had not been shown.
[3] It does not appear from the record on appeal that Mother appealed from the denial of her motion.
[4] The family court's Findings of Fact 5 and 6 read,

5. In light of the two-year-long contentious litigation between parents regarding the custody of Child, awarding [Appellants'] Court-ordered rights to visitation would further complicate the ongoing custody battle.
6. After consideration of the totality of the circumstances, discretion did not warrant granting [Appellants'] request that the Court order extensive visitation with the child.
[5] The family court's Conclusions of Law 5 read,

5. Under [Hawaii Revised Statutes] Section 571-46(7) the Court, in its discretion (a) did not find [Appellants'] request that the Court order extensive visitation rights with the Child to be reasonable visitation rights; (b) did find that an order awarding [Appellants] extensive visitation rights with the Child would be detrimental to the best interest of the child.