**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000708**
**18-JUN-2024**
**07:58 AM**
**Dkt. 111 MO**

NO. CAAP-18-0000708


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

LOY K.S. WATANABE, GERALD CARRELL, STERLING J.K. ALLEN,
JOSEPH W. LEPINE, ANTHONY AGUIAR, MICHAEL ALMEIDA,
STEPHEN ARRUDA, ALIKA BAJO, RON D. BODE, BRENDAN K. BUCHWACH,
DOUGLAS BURKE, BLAKE CONANT, as Personal Representative of the
ESTATE OF CHRISTOPHER CONANT, SHANNON HART, PHILLIP L. HOOTON,
HAROLD K. KAULA, as Personal Representative of the ESTATE OF
EDWARD K. KAULA, EMMETT LEE LOY, HILARY LEE LOY, LAMBERT LEE
LOY, MALIA MARQUEZ, as Personal Representative of the ESTATE OF
ANTHONY T. LUM, JOHN D.K. MORRIS, TODD I. RAGSDALE, CARL J.
ROSSETTI, JOSEPH T. SOWA, KEALA WAIAU, JOHN DOE 1, JOHN DOE 2,
DAVID W.K. AULD, WILLIAM BREWER, SCOTT HORIUCHI, JOSEPH L.K.
JAMES, R. RONALD JAMES, fka RONALD ROI WEIR, JOHN DOE 3,
Plaintiffs-Appellees,
v.
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP DBA KAMEHAMEHA
SCHOOLS, ELLIOT K. MILLS, in his capacity as Trustee of the
Estate of Bernice Pauahi Bishop, CRYSTAL K. ROSE, in her
capacity as Trustee of the Estate of Bernice Pauahi Bishop,
JENNIFER N. GOODYEAR-KAʻŌPUA, in her capacity as Trustee of the
Estate of Bernice Pauahi Bishop, MICHELLE KAʻUHANE, in her
capacity as Trustee of the Estate of Bernice Pauahi Bishop,
ROBERT K.W.H. NOBRIGA, in his capacity as Trustee of the Estate

of Bernice Pauahi Bishop,[1] Defendants/Cross-claimants/Cross-claim
Defendants-Appellees,
and
RICHARD D. GRONNA, as Personal Representative of the ESTATE OF
ROBERT MCCORMICK BROWNE, Defendant-Appellee,
and
ST. FRANCIS MEDICAL CENTER, f/k/a ST. FRANCIS HOSPITAL, INC.,
Defendant/Cross-claim Defendant/Cross-claimant-Appellant, and
JOHN DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10,
and DOE NON-PROFIT ENTITIES 1-10, Cross-claim Defendants,
and
KUAKINI HEALTH SYSTEM, formerly or also known as
KUAKINI MEDICAL CENTER, Defendant-Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10,
DOE PARTNERSHIPS 1-10, DOE UNINCORPORATED
ORGANIZATIONS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC161000086)

_____

DAVID W.K. AULD, WILLIAM BREWER, SCOTT HORIUCHI, JOSEPH L.K.
JAMES, R. RONALD JAMES, fka RONALD ROI WEIR, JOHN DOE 3,
Plaintiffs-Appellees,
v.
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP DBA
KAMEHAMEHA SCHOOLS, ELLIOT K. MILLS, in his capacity as Trustee
of the Estate of Bernice Pauahi Bishop, CRYSTAL K. ROSE, in her
capacity as Trustee of the Estate of Bernice Pauahi Bishop,
JENNIFER N. GOODYEAR-KA‘ŌPUA, in her capacity as Trustee of the
Estate of Bernice Pauahi Bishop, MICHELLE KA‘UHANE, in her
capacity as Trustee of the Estate of Bernice Pauahi Bishop,
ROBERT K.W.H. NOBRIGA, in his capacity as Trustee of the Estate
of Bernice Pauahi Bishop, RICHARD D. GRONNA, as Personal
Representative of the ESTATE OF ROBERT MCCORMICK BROWNE, and
KUAKINI HEALTH SYSTEM, aka KUAKINI MEDICAL CENTER,
Defendants-Appellees,
and
ST. FRANCIS MEDICAL CENTER, Defendant-Appellant,
and

---

[1]      Pursuant to Hawaii Rules of Evidence Rule 201 and Hawai‘i Rules of
Appellate Procedure Rule 43(c)(1), we take judicial notice that Crystal K.
Rose, Jennifer N. Goodyear-Ka‘ōpua, and Michelle Ka‘uhane are current Trustees
of the Estate of Bernice Pauahi Bishop and are automatically substituted as
Defendants/Cross-claimants/Cross-claim Defendants-Appellees in place of
Corbett A.K. Kalama, Micah A. Kane, and Lance Keawe Wilhelm.

2

JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE UNINCORPORATED ORGANIZATIONS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC161000786)

**MEMORANDUM OPINION**
(By:  Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

This appeal arises out of an $80 million settlement between Defendants/Cross-claimants/Cross-claim Defendants/Appellees Trustees of the Estate of Bernice Pauahi Bishop, dba **Kamehameha Schools**, and 32 Plaintiffs/Appellees (**Plaintiffs**). Defendant/Cross-claim Defendant/Cross-claimant/Appellant **St. Francis** Medical Center appeals from the Findings, Conclusions and Order Granting Plaintiffs' Motion For Approval of Good Faith Settlement Pursuant to [Hawaii Revised Statutes (**HRS**)] § 663-15.5, Filed on June 20, 2018, entered on August 27, 2018 (**Good Faith Settlement Order**), by the Circuit Court of the First Circuit (**circuit court**).[2]  St. Francis challenges the circuit court's ruling that the settlement between Kamehameha Schools and Plaintiffs was entered into in good faith pursuant to HRS § 663-15.5 (2016).

At the outset, we acknowledge that public policy favors resolution of disputes through settlement agreements and, here in particular, we acknowledge Plaintiffs' concerted effort

---

[2]      The Honorable Dean E. Ochiai presided.

in reaching a settlement agreement.  But as explained below, we must vacate the circuit court's Good Faith Settlement Order and remand this case for further proceedings.

## I.    Background

Plaintiffs identified Dr. Robert McCormick Browne (**Dr. Browne**), formerly employed as Chief of Psychiatry at St. Francis, as having sexually abused them as children.  Of the 32 Plaintiffs, 28 stated they were referred to Dr. Browne by Kamehameha Schools, for psychiatric treatment, while they were students at Kamehameha Schools.  Regarding the remaining four Plaintiffs, three did not attend Kamehameha Schools and one was referred to Dr. Browne by Holy Family School.

On June 21, 2016, in Case No. 1CC61000086, Plaintiffs filed their first amended complaint (**complaint**).  The complaint named as defendants Kamehameha Schools; St. Francis; Richard D. Gronna, as Personal Representative of the Estate of Robert McCormick Browne (**Gronna**); and Kuakini Health System.[3]  The complaint set forth seven counts: (1) sexual assault and battery; (2) breach of fiduciary duty; (3) gross negligence; (4) intentional infliction of emotional distress; (5) grossly negligent infliction of emotional distress; (6) grossly

_____

[3]    Gronna and Kuakini Health System are nominal appellees to this appeal.  Gronna remains a non-settling defendant; in July 2018, Gronna filed a Statement of No Position to Plaintiffs' Motion for Approval of Good Faith Settlement.  Kuakini Health System was dismissed without prejudice by the circuit court in June 2016 in 1CC161000086.

negligent or reckless referral selection, training, retention, and/or supervision of Dr. Browne; and (7) grossly negligent or reckless credentialing and/or granting privileges to Dr. Browne.[4]

Kamehameha Schools reached an agreement with all 32 Plaintiffs to settle their claims against Kamehameha Schools, as memorialized in the Settlement and Release Agreement (**Settlement Agreement**). Plaintiffs moved for the circuit court's approval of a good faith settlement, pursuant to HRS § 663-15.5, such that all joint tortfeasors and/or joint obligors would be barred from asserting any claims against Kamehameha Schools for "contribution, indemnity based on comparative fault, common law indemnity, implied indemnity and/or joint obligation and/or subrogation" arising out of Plaintiffs' claims.

Plaintiffs represented to the circuit court in their motion that,

> Significantly, all 32 of the Plaintiffs contractually agreed amongst themselves, early in the case, that they would only negotiate as a group, and not separately. Accordingly, all offers and demands were made to and from Plaintiffs as a group, rather than individually. This motion seeks a good faith determination with respect to the ultimate aggregate group settlement, whereby Kamehameha Schools has agreed to pay a total of $80 million to settle the claims of all 32 Plaintiffs. This represents about 25% of the Plaintiffs' original demands.

Plaintiffs further represented to the circuit court that they would determine how the settlement moneys would be allocated. Pursuant to the Settlement Agreement,

---

[4]     Counts 1-3, 5, and 7 were brought, in part, against St. Francis.

> Plaintiffs have provided [Kamehameha Schools] with a <u>spreadsheet indicating the portion of the Initial Payment and Deferred Payment allocated to each Plaintiff.</u> Plaintiffs shall immediately notify [Kamehameha Schools] if there are any changes to the allocation depicted on the spreadsheet. The Settling Parties acknowledge and agree that (a) the allocation is the product of discussion among the Plaintiffs and their counsel without any participation or input from [Kamehameha Schools], (b) the allocation was created for the sole purpose of facilitating the distribution of the settlement payments hereunder among the Plaintiffs and for no other reason, and (c) said allocation shall not be binding on [Kamehameha Schools] or any other party other than the Plaintiffs.

(Emphasis added.) The referenced spreadsheet that "indicat[es] the portion of the Initial Payment and Deferred Payment allocated to each Plaintiff" was not made part of the record on appeal.

The Settlement Agreement's "Cooperation by Plaintiffs" clause provides,

> Each Plaintiff agrees to fully cooperate with [Kamehameha Schools] in its prosecution of the Plaintiffs' claims and [Kamehameha Schools'] claims against St. Francis and St. Francis's insurers in the manner determined by [Kamehameha Schools] in its sole discretion. Cooperation shall include, but not be limited to, responding to phone inquiries, attending meetings and interviews, attending depositions, participating in independent medical exams, and preparing for and testifying at trial. In the event that a Plaintiff does not fully comply with the Plaintiff's obligations under this paragraph, [Kamehameha Schools] shall notify the Plaintiff, through the Plaintiff's attorney, of the breach and provide a reasonable opportunity for the Plaintiff to cure the default. If, in [Kamehameha Schools'] opinion, the breach is not cured after reasonable opportunity, [Kamehameha Schools] shall notify the Plaintiff's counsel in writing and may deduct the entire amount of Plaintiff's allocation of the Deferred Payment (inclusive of that Plaintiffs' attorneys' fees and costs) as compensation to [Kamehameha Schools] for damages arising out of the breach. If the matter is disputed, the matter shall be submitted to binding arbitration administered by Dispute, Prevention and Resolution in Honolulu, Hawaiʻi, with one (1) neutral arbitrator. The decision of the arbitrator shall be final and binding on the parties. For purposes of this paragraph, "reasonable opportunity" means 48 hours, or some other reasonable time period based on the circumstances but in no event to exceed

seven (7) calendar days, for Plaintiff to cure the alleged default.

The Settlement Agreement further provides that, after Plaintiffs determined how the moneys would be allocated,

[Kamehameha Schools] will, in its sole discretion have the right to characterize both the Initial Payment and the Deferred Payments with respect to each and all claims asserted in the First Amended Complaint ("FAC"), as:

1. Payment, subject to court approval under H.R.S. § 663-15.5 ("Act 300") with respect to each Plaintiff, in full satisfaction of each Plaintiff's claims against both [Kamehameha Schools] and [St. Francis], as joint tortfeasors, with respect [sic] the claims asserted in the FAC, which claims form the basis for [Kamehameha Schools] claims for contribution, unjust enrichment, and/or equitable indemnity against [St. Francis] (because, as to that Plaintiff, [St. Francis'] liability as a joint tortfeasor will be extinguished).

2. Payment to Plaintiff pursuant to a stipulated judgment under [Hawai'i Rules of Civil Procedure (**HRCP**)] Rule 68 with respect to each Plaintiff, which judgment will form the basis on which [Kamehameha Schools] will seek indemnity, contribution, damages for subrogation and/or unjust enrichment, and/or any other available remedy against [St. Francis] for the benefit of [Kamehameha Schools] and each Plaintiff who benefits from this Settlement Agreement.

3. Payment, as contractual subrogor under this Settlement Agreement and *Alamida v. Wilson*, 53 Haw. 398, 403-04 [495 P.2d 585, 589-90] (1972) and *Kapena v. Kaleleonalani*, 6 Haw. 579 [(Haw. Kingdom 1885)] with respect to each Plaintiff's claims against [St. Francis] and/or its insurers, which [Kamehameha Schools] may hereafter pursue (at its sole expense and with counsel of its choosing) alone or in concert with that Plaintiff for [Kamehameha Schools'] sole economic benefit up to the amount paid to that Plaintiff, with any recovery in excess of that amount (net of [Kamehameha Schools'] actual fees and costs and 10% per annum simple interest on all amounts paid by [Kamehameha Schools]) being paid to that Plaintiff. Or

4. An advance payment on account of each Plaintiff's claims against [St. Francis], which said Plaintiffs will hereafter pursue, at [Kamehameha Schools'] sole expense. Any recovery on these claims in excess of (a) the payment made to that Plaintiff under this Settlement Agreement, and (b) the fees and costs incurred on that

7

> Plaintiff's behalf by [Kamehameha Schools] (plus 10% per annum simple interest on all amounts paid by [Kamehameha Schools]), will belong to that Plaintiff.

We refer to these four groupings as the **Plaintiff Classifications.**

In explaining these terms to the circuit court, Kamehameha Schools characterized the settlement as subdividing Plaintiffs into three groups: (1) the 24 "full release" Plaintiffs, i.e., the Plaintiffs who fully released both Kamehameha Schools and St. Francis from all claims; (2) the four "subrogation" Plaintiffs, i.e., the Plaintiffs who were not Kamehameha Schools students and/or were not referred to Dr. Browne by Kamehameha Schools, with respect to whom Kamehameha Schools reserves the right to pursue equitable subrogation claims based on implied indemnity; and (3) the four "direct action" Plaintiffs, i.e., the Plaintiffs who settled their claims with Kamehameha Schools for $750,000 each and an additional nonrecourse advance payment in the nature of litigation funding, but retained their claims against St. Francis.[5]  This "24/4/4 allocation" is not set forth in the

---

[5]    At the hearing on Plaintiffs' motion for certification of a good faith settlement, Kamehameha Schools' counsel explained the subdivision of Plaintiffs into three groups as follows,

> [Counsel]: . . . The 80 million dollars represents the full value of the 32 cases. As to 28 of those, there is a legitimate argument that Kamehameha Schools was a joint tortfeasor and --

(continued . . . )

[5](continued . . .)

THE COURT:  Kamehameha School students, right, those 28?

[Counsel]:  Yes.

THE COURT:  Okay.

[Counsel]:  28 students.  I'm sorry. As to those 28 students, there is a legitimate argument that Kamehameha Schools was a joint tortfeasor.  As to 24 of those, we're settling, getting releases for the benefit of St. Francis and will limit the claims that we pursue to contribution -- not limit them. We'll pursue a contribution claim. We also have indemnity claims --

THE COURT:  Yes.

[Counsel]:  -- and so forth, and we intend to pursue all those claims, but principally a contribution claim. With respect to four of the 28, we are settling, getting a release for ourselves, leaving those plaintiffs free to pursue or leaving those plaintiffs with the ability to pursue St. Francis for further damages including punitive damages, and we've agreed to advance funds in the nature of litigation funding as we've described in our papers.

THE COURT:  Okay.  And in return, those four are releasing any possible claims against Kamehameha Schools?

[Counsel]:  That's correct, Your Honor.

THE COURT:  I understand.

[Counsel]:  That's correct.

THE COURT:  Okay.

[Counsel]:  And with respect to their future recovery, we're not saying we're going to benefit from the punitive damages.  You know, our benefit is limited to what we've advanced in the settlement.

THE COURT:  Okay.

[Counsel]:  With respect to the four others, as I said, they were strangers to Kamehameha [Schools] insofar as Dr. Browne was concerned.  And those, we're pursuing, principally, subrogation claims based on implied indemnity as *Alameda* [sic] *versus Wilson* allows.

(continued . . .)

Settlement Agreement or any supporting attachment or supplemental papers within the record.

The circuit court certified the settlement, pursuant to HRS § 663-15.5, as follows,

> The Court finds that the Settlement Agreement reached between the 32 Plaintiffs and Kamehameha Schools as described in the Plaintiffs' motion, and as more fully described in the joinder and the Reply Memorandum filed by Kamehameha Schools is one that has been done at arm's length and in good faith with the purpose of resolving this case and allowing Plaintiffs to move forward with their lives with certainty. The Court accepts the factual representations set forth in Plaintiffs' moving papers as well as the joinder, reply and other supporting documentation submitted by Kamehameha Schools, as further clarified during oral argument on the Motion. The Court also finds and concludes that the legal authority cited by Plaintiffs and Kamehameha Schools with regard to a good faith settlement is persuasive and on point, and the Court therefore also adopts that authority in this ruling.

> Accordingly, based on these findings and conclusions, the Court hereby GRANTS Plaintiffs' Motion for Approval of Good Faith Settlement Pursuant to HRS § 663-15.5 because the Settlement Agreement entered into between Plaintiffs and Kamehameha Schools was negotiated and made at arm's length and in good faith, and hereby ORDERS:

> 1. In the above-captioned matters: Kamehameha Schools is discharged pursuant to H.R.S. § 663-15.5(a)(3) from all liability for contribution to any other joint tortfeasor or co-obligor; all other joint tortfeasors or co-obligors are barred, pursuant to H.R.S. § 663-15.5(d)(1) from any further claims against Kamehameha Schools, except those based on a written indemnity agreement; and all cross-claims now pending against Kamehameha Schools (none of which is based upon a written indemnity agreement) are dismissed with prejudice pursuant to Haw. Rev. Stat. § 663-15.5(d)(2).

---

[5](continued . . .)

> THE COURT: Okay.

> [Counsel]: So, you know, we're -- at the end of the day that **there's an 80-million dollar cap on our potential recovery based on contribution and subrogation, but we have our own claims. . . .**

(Emphasis added.)

2. There is no just reason for delay pursuant to HRCP Rule 54(b) and the Court hereby directs the entry of judgment dismissing the cross-claims of St. Francis against Kamehameha Schools in the above-captioned matters. The Clerk of Court is directed to enter judgment forthwith.

3. Except as stated herein, this ORDER is not intended to limit any claims against any party other than Kamehameha Schools or affect any claims, defenses and/or rights of the parties to the remaining claims in the above-captioned matters.

In August 2018, the circuit court entered the Good Faith Settlement Order.

## II. Discussion

HRS § 663-15.5, entitled "Release; joint tortfeasors; co-obligors; good faith settlement" provides, in pertinent part,

(b) For purposes of subsection (a), [setting forth the rights of non-settling joint tortfeasors and co-obligors with regard to settlement agreements] any party shall petition the court for a hearing on the issue of good faith of a settlement entered into by the plaintiff . . . and one or more alleged tortfeasors. . . .

. . . .

(d) A determination by the court that a settlement was made in good faith shall:

(1)  Bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . except those based on a written indemnity agreement; and

(2)  Result in a dismissal of all cross-claims filed against the settling joint tortfeasor . . . except those based on a written indemnity agreement.

(e) A party aggrieved by a court determination on the issue of good faith may appeal the determination.

"[T]he determination of whether a settlement is in good faith [is left] to the sound discretion of the trial court in light of the totality of the circumstances surrounding the

11

settlement."  Troyer v. Adams, 102 Hawaiʻi 399, 427, 77 P.3d 83, 111 (2003).

> In assessing the totality of the circumstances,
>
> the trial court may consider the following factors to the extent that they are known at the time of settlement: (1) the type of case and difficulty of proof at trial . . .; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) ***the amount of consideration paid to settle the claims***; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) ***the relationship among the parties and whether it is conducive to collusion or wrongful conduct***; and (9) ***any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor*** or motivated by other wrongful purpose.

Brooks v. Dana Nance & Co., 113 Hawaiʻi 406, 413, 153 P.3d 1091, 1098 (2007) (emphasis added) (citing Troyer, 102 Hawaiʻi at 427, 77 P.3d at 111).  "The foregoing list is not exclusive, and the court may consider any other factor that is relevant to whether a settlement has been given in good faith."  Id.

St. Francis contends, among other things, that the Settlement Agreement "violates public policy, denies [St. Francis] due process of law, and is aimed at injuring the interests of non-settling alleged joint tortfeasor [St. Francis]."  Kamehameha Schools contends the settlement agreement was entered into in good faith, and the $80 million settlement amount will be divided among 24 Plaintiffs who agree to fully settle their claims against both Kamehameha Schools and St. Francis, four "subrogation" Plaintiffs on whose behalf

12

Kamehameha Schools may pursue equitable subrogation claims, and four "direct action" Plaintiffs who agree to release their claims against Kamehameha Schools but who retain their claims against St. Francis.

The Settlement Agreement, however, is silent as to this specific 24/4/4 allocation, and does not disclose the amount allocated to any individual Plaintiff.  Which Plaintiff is actually included in each of the Plaintiff Classifications, and the amount of the settlement payment to that Plaintiff, is material to the circuit court's HRS § 663-15.5 review because it relates to Kamehameha Schools' and the four "direct action" Plaintiffs' potential claims against St. Francis.  Without this information, the written terms of the Settlement Agreement are not sufficiently certain and definite such that the agreement could be clearly enforced in the manner that Kamehameha Schools verbally described to the circuit court.  Provident Funding Assocs., L.P. v. Gardner, 149 Hawaiʻi 288, 297, 488 P.3d 1267, 1276(2021) (explaining "to be enforceable, a contract must be certain and definite as to its essential terms") (cleaned up).

On the record before this court, it appears that the settlement award will not be uniformly divided among the Plaintiffs as some Plaintiffs will retain their claims against St. Francis, and Kamehameha Schools purports to be able to pursue certain claims against St. Francis.  It also appears,

13

based on Kamehameha Schools' representation, it retains the right to recoup the moneys awarded to at least eight of the Plaintiffs through claims brought by or on behalf of these Plaintiffs. Kamehameha Schools' retention of these claims could potentially violate HRS § 663-15.5(a)(2), given that "a settlement, wherein a party seeks to accomplish indirectly that which it is expressly barred by applicable law from accomplishing directly, is not in good faith." Brooks, 113 Hawaiʻi at 417, 153 P.3d at 1102.

St. Francis also contends that the Settlement Agreement improperly assigns the claims of "subrogation" Plaintiffs and "direct action" Plaintiffs to Kamehameha Schools. St. Francis is correct that personal tort claims are generally non-assignable. Sprague v. California Pac. Bankers & Ins. Ltd., 102 Hawaiʻi 189, 198, 74 P.3d 12, 21 (2003). Moreover, "[a] joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement." HRS § 663-12(c) (2016). As mentioned earlier, the 24/4/4 allocation that Kamehameha Schools verbally referenced to the circuit court was not set forth in the written Settlement Agreement or any supporting documentation. Given the lack of sufficiently certain and definite terms in the Settlement Agreement, we cannot determine

whether the Settlement Agreement manifests an improper assignment of any Plaintiff's claims to Kamehameha Schools.[6]

Kamehameha Schools asserts that <u>Alamida v. Wilson</u>, 53 Haw. 398, 495 P.2d 585 (1972), is instructive with regard to its equitable subrogation claim vis-à-vis the four "subrogation" Plaintiffs. <u>Alamida</u> holds that,

> Where property of one person is used in discharging an obligation owed by another or a lien upon the property of another, under such circumstances that the other would be unjustly enriched by the retention of the benefit thus conferred, the former is entitled to be subrogated to the position of the obligee or lienholder.

<u>Id.</u> at 404, 495 P.2d at 590.

We decline, on the record of this case, to conclude that <u>Alamida</u>'s holding authorizes Kamehameha Schools to retain the right to step into the "subrogation" Plaintiffs' shoes to recoup the settlement moneys allocated to them. The issue of whether St. Francis and Kamehameha Schools are joint tortfeasors with respect to the "subrogation" Plaintiffs has not been resolved. It is thus unclear whether the law permits Kamehameha

---

[6] Assuming Plaintiffs and Kamehameha Schools agreed upon the 24/4/4 allocation described by Kamehameha Schools, it would be necessary for the parties to disclose the actual amounts allocated to each "subrogation" and "direct action" Plaintiff. This is important because, for example, a disproportionately large share of the total settlement award to these Plaintiffs could evidence collusion. Information regarding the allocation of moneys to the remaining Plaintiffs would also need to be disclosed, given that "[a] joint tortfeasor [e.g., Kamehameha Schools] is not entitled to a money judgment for contribution until the joint tortfeasor has by payment discharged the common liability or has paid more than the joint tortfeasor's pro rata share thereof." HRS § 663-12(b).

Schools to pursue equitable subrogation claims on behalf of the four "subrogation" Plaintiffs.

### III. Conclusion

Given the lack of sufficiently certain and definite terms in the Settlement Agreement, the circuit court abused its discretion in approving the good faith settlement.  Moreover, with no access to the complete, certain, and final settlement terms, St. Francis was deprived of due process.  We therefore vacate the circuit court's August 27, 2018 Good Faith Settlement Order, and remand this case for further proceedings consistent with this memorandum opinion.

DATED: Honolulu, Hawaiʻi, June 18, 2024.

On the briefs:

Peter Van Name Esser
Defendant/Cross-claim
Defendant/Cross-claimant-
Appellant

Nickolas A. Kacprowski
for Defendants/Cross-
claimants/Cross-claim
Defendants-Appellees

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge